[821 NYS2d 546]

In the Matter of BARRY I. SPIEGLER (Admitted as BARRY IRA SPIEGLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 3, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Roberta Kolar* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Barry I. Spiegler was admitted to the practice of law in the State of New York by the First Judicial Department on February 9, 1973. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

In August 2005, a complaint was filed with the Committee by Jeanette Sackett who, as executrix, hired respondent to represent her stepmother's estate. Ms. Sackett alleged that respondent was, among other things, unresponsive to her efforts to contact him and had in his possession $27,000 of undisbursed estate funds. The Committee forwarded a copy of the complaint to respondent on September 15, 2005, requesting that he submit an answer. When respondent failed to respond, the Committee telephoned respondent and left a message. When respondent did not return the call, Committee staff sent a second copy of the complaint by certified mail on November 4, 2005.

When no answer was received, the Committee telephoned respondent on four separate occasions, leaving messages. Finally, on December 16, 2005, counsel reached respondent by telephone at his home. Respondent agreed to appear at the Committee's offices on December 19th. Respondent did appear and agreed to provide an answer to the complaint and to provide specifically enumerated documents requested by staff, including a copy of the last will and testament of Ms. Sackett's stepmother, respondent's billing records for the estate, and the final accounting for the estate. Respondent also agreed to contact the Lawyers' Assistance Program.

On December 28, 2005, respondent submitted his answer and provided some of the requested documents. With regard to the $27,000 distribution, respondent explained that the beneficiary could not be located and when he advised Ms. Sackett of this, she told him to hold the funds until such time as the beneficiary was located. Respondent stated that he then segregated those funds in a safe deposit box, and was ready and willing to forward such funds to the Public Administrator or to whom otherwise may be appropriate.

Respondent's answer was forwarded to Ms. Sackett for a response. However, in January 2006, the Committee learned that Ms. Sackett had died on December 25, 2005. Accordingly, the

Committee's investigation of her complaint was converted to a sua sponte complaint.

On or about January 27, 2006, the Committee received a complaint from Susan Longo who alleged respondent had received $10,000 from her and had performed no legal work. That same day the Committee advised respondent about this new complaint and he agreed to return the $10,000 to Longo, and telephoned her to assure her that he would do so.

The January 27, 2006 phone call was the Committee's last contact with respondent. Since then, he has not responded to the Committee's letters and phone calls. On three consecutive days in March 2006, the Committee left messages for respondent on his home phone and cell phone but he did not respond. On April 4 and 5, 2006, a Committee investigator visited respondent's home to serve a subpoena duces tecum requesting his appearance on April 11, 2006, and for him to bring various documents and records, but no one was home. On April 6, 2006, the investigator again attempted personal service but when there was no response, he affixed a copy of the subpoena to the door of respondent's residence and mailed a copy via first class mail. Respondent failed to appear or otherwise answer the subpoena.

The Departmental Disciplinary Committee now seeks, pursuant to 22 NYCRR 603.4 (e) (1) (i), to immediately suspend respondent from the practice of law until further order of the Court for his willful failure to comply with lawful demands of the Committee made in connection with the Committee's investigation of two complaints filed against him. The Committee contends that every effort has been made to accommodate respondent yet, since January 27, 2006, he has evaded and thwarted its investigation. Moreover, respondent has still failed to produce the complete file for the estate matter, bank records reflecting the location of the $27,000 in estate money, and bank records reflecting the location of Ms. Longo's $10,000 retainer.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon: "(i) the attorney's default in responding to the petition or notice, or . . . to comply with any lawful demand of this Court or the Departmental Disciplinary Committee made in connection with any investigation" (22 NYCRR 603.4 [e] [1] [i]).

The Committee argues that respondent's failure to appear in response to a court ordered subpoena evinces a shocking disregard for the judicial system and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation, which constitutes professional misconduct that threatens the public interest requiring immediate suspension from the practice of law (*Matter Murawinski*, 30 AD3d 129 [2006]; *Matter of Pierini*, 21 AD3d 42 [2005]).

Respondent has not responded to this motion.

Respondent's failure to cooperate with the Committee is well documented. Although he initially cooperated, he failed to respond to Committee inquiries and failed to appear for a deposition or provide relevant records subpoenaed by the Committee. In addition, respondent has defaulted on this motion seeking his immediate suspension. Such conduct demonstrates a willful noncompliance with the Committee's investigation that threatens the public interest and warrants an immediate suspension from the practice of law.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until the further order of this Court.

BUCKLEY, P.J., SAXE, FRIEDMAN, WILLIAMS and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.