[828 NYS2d 299]

In the Matter of CHARLES H. RYANS, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 7, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Mady J. Edelstein* of counsel), for petitioner.

No appearance by respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Charles H. Ryans, Jr. was admitted to the practice

of law by the First Judicial Department on July 8, 1985. At all times relevant to this proceeding, he has maintained an office for the practice of law in the First Judicial Department.

The Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law until further order of the Court due to his failure to cooperate with the Committee's investigation into allegations of professional misconduct and other uncontested evidence of professional misconduct which threatens the public interest.

By letter dated March 21, 2006, the Committee notified respondent that an investigation was being initiated based upon a complaint of a Supreme Court Justice that respondent had failed to hold certain funds in escrow on behalf of a former client pursuant to court order pending resolution of the lawsuit. The Committee requested an answer and bookkeeping records within 20 days. The next day, the Committee received a complaint directly from the former client that a check and a replacement check drawn on the escrow account had both been dishonored. The Committee then sent a second letter together with respondent's former client's complaint and a demand for production of additional escrow records. Respondent did not serve an answer or comply with the records request.

The Committee then sent a letter advising respondent that his answer was significantly late and his failure to cooperate could result in a motion to suspend. The Committee also subpoenaed respondent's bank records, which confirm that respondent maintained insufficient escrow balances.

The Committee eventually served respondent at his office with a subpoena duces tecum requiring his appearance to give testimony and to produce his escrow account records. Respondent failed to appear, and the Committee received no communication from him requesting an adjournment or explaining his default. The Committee then wrote respondent by certified and regular mail that his unexcused failure to appear and comply with the subpoena would result in a motion to suspend him from practice unless he contacted counsel immediately, which he did not do.

The Committee now seeks respondent's interim suspension based upon his disregard of official notices to cooperate with the Committee, his default in responding to the Committee's investigation and in appearing as ordered by judicial subpoena, and his consistent failure to provide requested records pursuant to multiple demands.

Respondent has not answered this motion.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional conduct immediately threatening the public interest (*see* 22 NYCRR 603.4 [e] [1] [i], [iii]).

Respondent's failure to cooperate with the Committee is well documented. This behavior demonstrates a disregard for the judicial system and a deliberate and willful attempt to impede the Committee's investigation into serious professional misconduct and possible criminal conduct (*see Matter of Spiegler*, 33 AD3d 187 [2006]; *Matter of Delio*, 9 AD3d 160 [2004]).

In addition, even though respondent, months later, finally paid about half of the escrow funds he was ordered by the court to turn over, he still owes his former client the balance and has never explained why those funds did not remain intact in his escrow account. Moreover, respondent's uncontradicted insufficient balances in his escrow account resulting in the dishonored checks, confirmed by bank records, constitute uncontested evidence of serious professional misconduct warranting an immediate suspension from the practice of law (*see Matter of Boter*, 27 AD3d 137 [2006]; *Matter of Tannenbaum*, 16 AD3d 66 [2005]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law effective immediately and until such time as disciplinary proceedings pending before the Committee have been concluded and until further order of this Court.

BUCKLEY, P.J., MARLOW, SWEENY, McGUIRE and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until disciplinary matters pending before the Committee have been concluded and until further order of the Court.