[901 NYS2d 209]

In the Matter of JANEEN S. JONES (Admitted as JANEEN SYKIE JONES), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 11, 2010

---

## APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Lewis Brisbois Bisgaard & Smith, LLP* (*Mark K. Anesh* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Janeen S. Jones was admitted to practice law in the State of New York by the Second Judicial Department on July 25, 2001 under the name Janeen Sykie Jones. At all times relevant to this proceeding, respondent maintained an office within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law based upon her failure to cooperate with the Committee's investigation of allegations of professional misconduct against her.

In August 2008, Ms. Gray-Nelson filed a complaint with the Committee against respondent in connection with an investment her husband made in a company for which respondent was counsel in June 2007. Since June 2008, Gray-Nelson has been unable to contact respondent despite repeated efforts at writing her at her office and home, discovering that the addresses that respondent gave were invalid. Additionally, Gray-Nelson alleges that most of the representations with respect to the investment appear to be false and that the funds invested have never been returned.

In April 2009, a second complaint was filed against respondent by Ms. Jordan. Jordan alleges that in 2006, respondent

obtained Jordan's personal information to assist her in receiving a business loan, but that she used the information to fill out a lease application on an apartment and forge Jordan's signature as cosignee.

On or about September 12, 2008, the Committee sent a copy of the Gray-Nelson complaint to respondent at her business address, and requested an answer be filed within 20 days. This correspondence was returned to the Committee unopened. Moreover, subsequent letters sent by the Committee's investigator to respondent's home addresses as listed in Office of Court Administration (OCA) records were not answered.

In October 2008, the Committee's investigator visited respondent's purported residence, but she was not present and the individuals that were present claimed they did not know respondent. On or about October 27, 2008, the United States Postal Service advised the Committee that the mailing addresses they had for respondent were indeed valid.

On three successive days in March 2009, the Committee's investigator unsuccessfully attempted to personally serve a judicial subpoena duces tecum at respondent's address in Brooklyn. The subpoena directed respondent to appear before the Committee on April 21, 2009 and to provide an answer to the Gray-Nelson complaint. On March 30, 2009, respondent was served with the subpoena by substituted service. The Committee continued its attempts to contact respondent by sending letters to both of her Brooklyn addresses by regular and certified mail, and by regular mail to an address in Jersey City found in an Internet search. The regular mail was never returned or answered and the certified mail was returned as "unclaimed."

On or about August 6, 2009, the Committee sent a copy of the Jordan complaint to respondent at her Manhattan business address and directed her to answer within 20 days. Respondent failed to respond to the Committee's letter and it was returned, unopened.

The Committee now moves for immediate suspension pursuant to 22 NYCRR 603.4 (e) (1) (i), maintaining that respondent's noncooperation with their investigation "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Gordon*, 142 AD2d 135, 137 [1988]). In response, by letter dated October 1, 2009, counsel for respondent appeared and advised this Court that the Committee had consented to an adjourned date of November 2, 2009, with

4

respondent's answering papers due on October 23, 2009. However, by letter dated October 19, counsel advised this Court that, with respondent's consent, counsel was withdrawing from representing her.

By letter dated November 2, 2009, new (and current) counsel for respondent advised that the instant motion again had been adjourned on consent to November 23, 2009, with opposition "in hand by November 19, 2009." However, instead of filing an answer counsel has moved for permission to withdraw as respondent's counsel by notice of motion dated November 19, 2009, while also seeking an interim stay of the suspension motion pending the outcome of counsel's motion to withdraw. The interim stay application was denied.

On November 23, 2009, respondent submitted an affidavit whereby she avers that she did not intentionally refuse to cooperate with the Committee's investigation; rather, she had no notice of the two complaints against her because she had not received any of the Committee's correspondence. Respondent claims she has had to relocate her residence on several occasions because she was being stalked by a dangerous individual. She avers that as soon as her sister found a copy of the Committee's motion, respondent immediately retained counsel and states that she intends to cooperate.

Pursuant to 22 NYCRR 603.4 (e) (1) (i), an attorney who is the subject of an investigation by the Committee may be temporarily suspended from the practice of law, pending consideration of the charges, upon a finding that the respondent is guilty of professional misconduct that immediately threatens the public interest, such as refusing to cooperate with the Committee's investigation of misconduct. Here, while respondent was allegedly being stalked and did not provide her current addresses to OCA out of fear for her safety, at least since October 1, 2009, she has had copies of the two complaints filed against her. Despite that notice, to date, respondent has not submitted answers to the complaints nor has she appeared for a deposition (*see Matter of Ryans*, 37 AD3d 40 [2006] [attorney immediately suspended for, inter alia, failure to serve an answer and appear for a deposition relating to one complaint]; *Matter of Spiegler*, 33 AD3d 187 [2006]). Thus, respondent's conduct demonstrates a willful noncompliance with the Committee's investigation, warranting her immediate suspension (*Matter of Burke*, 54 AD3d 70 [2008]).

By notice of motion dated November 19, 2009, counsel for respondent seeks permission, pursuant to CPLR 321 (b) (2), to

withdraw as counsel upon the grounds that respondent has been uncommunicative with counsel and has failed to remit the agreed-upon retainer fee, thus rendering it unreasonably difficult to properly represent her. Counsel also requests a stay of no less than 30 days to allow respondent to retain new counsel.

In opposition, respondent argues that the motion should be denied because she has paid counsel $5,000 as a retainer. Respondent asserts that she has met with counsel and fully cooperated. Since counsel has appeared and filed opposition papers to the Committee's motion for an interim suspension after submitting their withdrawal motion, the motion to withdraw is now moot and is denied.

Accordingly, the Committee's motion should be granted and respondent immediately suspended from the practice of law, until such time as disciplinary matters pending before the Committee have been concluded and until further order of the Court. Respondent's counsel's motion to withdraw as counsel is denied, as moot.

MAZZARELLI, J.P., ANDRIAS, SAXE, CATTERSON and ACOSTA, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Motion by respondent's counsel to be relieved denied, as moot.