[20 NYS3d 46]

In the Matter of MICHAL DUROVE, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, November 19, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Michal Durove*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Michal Durove was admitted to the practice of law in the State of New York by the Second Judicial Department on March 28, 2012. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated August 7, 2015, the Departmental Disciplinary Committee seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of this Court based on his failure to cooperate with the Committee's investigation of two complaints and evidence that he misappropriated client funds.

The Committee's suspension motion is based almost entirely on the complaint filed by respondent's client (client No. 1) in November 2014. Client No. 1, who apparently spoke no English, filed her complaint through an interpreter, alleging that respondent had failed to remit settlement funds to which she was entitled.

By affidavit sworn to August 5, 2015, client No. 1 supplemented her complaint alleging, among other things, that in January 2013, she retained respondent to represent her in a dispute with her business partner. The dispute resulted in a dissolution action and the parties ultimately settled the matter for $120,000; respondent was to receive $14,000 and client No. 1 was to receive the remaining $106,000. Client No. 1 asserted that between December 2013 and January 2014, respondent issued her two checks, one for $35,000 and one for $36,000, stating that the checks represented partial disbursement of client No. 1's share of the settlement. According to client No. 1, respondent told her he had to pay her in installments due to "tax issues." In addition, client No. 1 averred that respondent told her not to cash the third check, in the sum of $35,000, because of a "tax issue," and that he would pay the remaining balance in smaller increments; however, he never did so. Client No. 1 waited several months to cash the third check, and when she finally did so in October 2014, it was dishonored due to insufficient funds. Client No. 1 alleges that, to date, respondent has not remitted the remaining $35,000 of her settlement funds.

By letter dated February 4, 2015, the Committee requested that respondent answer client No. 1's complaint. On February 25, 2015, the Committee received an unsigned fax from respondent in which he requested additional time to answer "[d]ue to the severe weather condition in February and mismanagement of the mail in [his] office building."

On or about March 12, 2015, the Committee received another fax from respondent in which he requested an additional two weeks to answer the complaint because he had been preoccupied with caring for his wife following her surgery. By letter dated March 23, 2015, the Committee requested that respondent answer client No. 1's complaint within 10 days, and alerted him to the fact that his failure to cooperate with the Committee's investigation could result in his suspension. Respondent did not respond to that letter.

On June 25, 2015, the Committee served respondent with a judicial subpoena duces tecum requiring him to produce, among other things, specified business and escrow account records, and to appear for a deposition on July 9, 2015. Respondent agreed to accept service of the subpoena by email, and sent the Committee an email acknowledging receipt of the subpoena.

In addition, the Committee served a judicial subpoena duces tecum on Bank of America (BOA) directing it to produce specified records for any account maintained by respondent or his law firm, or both. In response, BOA produced records for a single business checking account maintained by "Law Office of Michael Durove, PLLC" for the period September 2013 through March 2015.

In July 2015, the Committee sent respondent two spreadsheets based on an audit of the account records obtained from BOA. In an accompanying letter, the Committee requested that respondent complete the spreadsheets by identifying the source of each deposit, the purpose of each disbursement, and the client matters to which they pertained. Further, the Committee noted in its letter that almost all of the debits on the account appeared to be for personal expenses and requested, "If this is not the case, please identify the transaction and the client matter [each debit] pertained to." The Committee stated that should respondent fail to so classify the debits, the Committee would deem them to be for personal expenses. The Committee asked respondent to provide the requested information before July 9, 2015, the date of his scheduled deposition, and reminded him that his failure to cooperate with the Commit-

tee's investigation could result in his suspension from the practice of law.

Defendant did not appear for his July 9, 2015 deposition, instead requesting a series of adjournments for medical reasons pertaining to both himself and his wife. The Committee agreed to two adjournments and scheduled a deposition for July 28, 2015, noting that even if respondent could not produce the subpoenaed documents by July 28, he was nonetheless required to appear that day for his deposition. On July 27, 2015, respondent requested a "final" adjournment of his deposition because of his health problems and possible surgery. Staff counsel for the Committee telephoned respondent's osteopathic physician, who stated that he was unaware of any surgery planned for respondent.

The Committee denied respondent's last request for an adjournment. In response, respondent sent an email in which he acknowledged the Committee's position, but requested that he be given until August 3, 2015 to submit the documents under subpoena. Respondent's email made no mention of whether he intended to appear for his deposition on the appointed date. To date, respondent has not answered client No. 1's complaint, nor has he complied with the judicial subpoena.

The Committee contends that in addition to his failure to cooperate, respondent should also be suspended because the business account records it obtained directly from BOA show that respondent misappropriated a portion of client No. 1's settlement. Specifically, the Committee points to the fact that on November 25, 2013, respondent deposited a $120,000 cashier's check, allegedly representing client No. 1's settlement funds, into his business account, instead of into an escrow account; indeed, the Committee contends, there is no indication that respondent even has an escrow account. Thereafter, respondent's account balance repeatedly fell below the required threshold amounts. In addition, the Committee points to the fact that respondent's business account was repeatedly and directly debited for what appear to be personal expenses. By the time client No. 1 attempted to deposit the third check for $35,000, on or about October 23, 2014, the balance in respondent's account was $295.94 and, therefore, the check was returned for insufficient funds.

Another one of respondent's clients, client No. 2, filed a complaint against him in July 2014. Client No. 2 alleged that respondent had neglected her matrimonial matter and failed to

respond to her requests for a refund of her legal fee. In January 2015, respondent submitted an answer to client No. 2's complaint in which he, among other things, denied neglecting her matter and stated that he was amenable to resolving the fee issue with her. Client No. 2's file is among the items under subpoena that respondent has failed to produce.

The Committee served respondent with its motion to suspend by mailing it to respondent's registered business address and to another address, which may be respondent's home address, by first-class mail and certified mail return receipt requested, but respondent has submitted no response.

The record sufficiently establishes that respondent has willfully failed to fully cooperate with the Committee's investigation, warranting his suspension under 22 NYCRR 603.4 (e) (1) (i). Specifically, respondent has failed to answer client No. 1's complaint, failed to provide the Committee with requested bank account records and to produce documents subpoenaed by this Court, and failed to appear for a deposition, as required by this Court's subpoena (*see e.g. Matter of Snorteland*, 120 AD3d 14 [1st Dept 2014]; *Matter of Jones*, 74 AD3d 1 [1st Dept 2010]; *Matter of Ryans*, 37 AD3d 40 [1st Dept 2006]; *Matter of Spiegler*, 33 AD3d 187 [1st Dept 2006]).

The second ground alleged by the Committee for respondent's interim suspension is that he commingled and intentionally misappropriated or converted client No. 1's settlement funds for his own use without permission. Respondent's alleged misappropriation presents a more difficult question, because the $120,000 check at issue is a bank cashier's check made payable only to respondent as "escrowee." The amount notwithstanding, there is no indication on the face of the check, or on the accompanying deposit slip, that it pertains to client No. 1's settlement. Further, the record does not contain documentation sufficiently tying the check to client No. 1's settlement. Notably, respondent's client file pertaining to client No. 1's case is among the materials under subpoena that respondent has failed to produce.

However, there is no need for this Court to resolve this issue because there is ample evidence to suspend respondent based solely on his failure to cooperate with the Committee's investigation.

Accordingly, the Committee's motion should be granted to the extent that it seeks respondent's suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) and respondent is suspended from

the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

RENWICK, J.P., MOSKOWITZ, RICHTER, MANZANET-DANIELS and FEINMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.