[23 NYS3d 210]

In the Matter of TREVOR A. REID, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Trevor A. Reid*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Trevor A. Reid was admitted to the practice of law in the State of New York by the Third Judicial Department on January 17, 1979. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to, inter alia, Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) and (ii) immediately suspending respondent from the practice of law until further order of this Court, based upon respondent's lack of cooperation with the Committee's investigation, and upon his substantial admission under oath that he has committed an act or acts of professional misconduct, which immediately threatens the public interest.

On January 10, 2013, the Committee received a complaint from one of respondent's clients that he had neglected her case and failed to return an unearned fee. On January 18, 2013, the Committee wrote respondent's then counsel, provided a copy of the complaint and requested an answer within 20 days. No answer was forthcoming.

Also in January 2013, the Committee commenced a sua sponte investigation based upon communications from the New York State Department of Labor (DOL) regarding outstanding tax warrants and respondent's failure to file certain tax returns and/or pay unemployment insurance contributions dating from 1998 through May 2011, totaling approximately $59,000.

Respondent cooperated with regard to the DOL related complaint, and in February 2013, he entered into an informal payment agreement with the DOL that covered all of the

outstanding debt then due, in the amount of $74,492.21, and required him to make monthly payments. In March 2013, the Committee closed its investigation into the DOL complaint "without seeking public discipline." However, the Committee continued its investigation, focusing on respondent's trust and business operating accounts to determine whether respondent had misused his trust account by shielding personal funds from levy, based on the DOL tax warrants.

Both respondent and his bank complied with this Court's February 28, 2013 subpoenas and provided records for respondent's attorney trust account and business operating account.

On September 10, 2014, respondent appeared, pro se, for a deposition in connection with the client's complaint and the sua sponte investigation. Respondent testified that in 2002, the New York State tax authorities, based upon the DOL tax warrants, began seizing funds from his business operating accounts, resulting in him switching banks to avoid the seizures. He also testified that around 2010 or 2011, he began putting all of his personal monies into his trust account to forestall their seizure, which he did for two or three years, until right before the "settlement" with DOL in February 2013. He claimed he reported all of his income to the tax authorities, even though he was shielding his income in the trust account and admitted that during that time period, he put all of his money in the trust account and paid all his personal bills from there, and was aware it was an improper thing to do. But, he testified that he was presently using his trust account only for matters pertaining to his law practice and he had a fully functioning business operating account.

At the end of the September 10, 2014 deposition, respondent was directed to provide within two weeks: (1) an answer to the January 10, 2013 client complaint; (2) his file in another client matter; (3) his tax returns for 2010-2012; (4) any other satisfactions of tax warrants issued regarding taxes he owed to the DOL; and (5) information missing from the client matter column on an Excel spreadsheet for his trust account. The Committee reminded him of his obligation to cooperate, which respondent acknowledged, and that he could face suspension if he failed to do so.

When two weeks passed and the Committee received nothing from respondent, it wrote a letter to respondent on October 6, 2014, reminding him to provide the information and warning him he could face suspension if he failed to comply within two weeks.

The next day, the Committee received a complaint from another one of respondent's clients, alleging that in May 2013, he paid respondent a $2,500 retainer but respondent failed to perform the work and did not refund any portion of the fee.

On October 23, 2014, the Committee forwarded a copy of this complaint to respondent for an answer within 20 days. Respondent did not submit an answer and on November 17, the Committee sent another letter requesting a response to the latest complaint and warning respondent of the possibility of an interim suspension.

Following receipt of additional records from respondent's bank pursuant to a subpoena, the Committee's investigative accountant created an Excel spreadsheet for respondent's attorney trust account and on February 11, 2015, forwarded it to respondent directing him to provide certain information within two weeks. The Committee also reminded respondent of his failure to respond to its previous letters regarding the other investigations, and for him to answer those letters, and warned him again that he could face an interim suspension.

Receiving no response from respondent, the Committee wrote him again, on March 2, 2015, giving him 10 days to complete and return the spreadsheets and directed his attention to the court rules and cases involving interim suspensions. Respondent failed to answer and in a final effort to obtain cooperation, the Committee wrote respondent on May 15, 2015, noting his failure to respond to the previous correspondences and advising that if he failed to submit a response within seven days, it would seek his interim suspension based upon, inter alia, failure to cooperate.

■ Immediate suspension on an interim basis is appropriate where the public interest is threatened because an attorney has demonstrated noncompliance with a Committee investigation (22 NYCRR 603.4 [e] [1] [i]; *see Matter of Maruggi*, 87 AD3d 201 [1st Dept 2011]; *Matter of Bautista*, 78 AD3d 75 [1st Dept 2010]; *Matter of Holubar*, 73 AD3d 214 [1st Dept 2010]; *Matter of Burke*, 54 AD3d 70 [1st Dept 2008]). Although respondent initially cooperated with the Committee to a limited extent by providing bank records for the first audit period and appearing for a deposition, he has not provided answers to the two complaints and has repeatedly failed to provide information despite the Committee giving him numerous opportunities to cooperate. In addition, respondent has defaulted on this motion seeking his interim suspension.

The Committee has established a sufficient ground for suspension based on respondent's failure to cooperate with the Committee's investigation but not on the ground of respondent's admissions to acts of professional misconduct.

■ As for respondent's admission that he committed acts of professional misconduct by intentionally misusing his trust account, we find that, although this conduct will most likely result in formal charges and a serious sanction, these past acts of misconduct do not "immediately threaten[ ] the public interest" under section 603.4 (e) (1) (ii) and, therefore, do not require his immediate suspension.

Nor does respondent's admission of having commingled personal funds with client funds warrant an immediate suspension. If disciplinary charges were brought based solely upon that misconduct, the attorney would most likely receive only a censure for such misconduct (*see e.g. Matter of Fisher*, 43 AD3d 173 [1st Dept 2007]).

Accordingly, the Committee's motion should be granted to the extent of suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.

TOM, J.P., ACOSTA, MOSKOWITZ, RICHTER and MANZANET-DANIELS, JJ., concur.

Respondent suspended from the practice of law in the State of New York pursuant to 22 NYCRR 603.4 (e) (1) (i), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.