Matter of Evans (2016 NY Slip Op 05548)





Matter of Evans


2016 NY Slip Op 05548


Decided on July 14, 2016


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2016
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr., Justice Presiding,
Rolando T. Acosta
Paul G. Feinman
Barbara R. Kapnick
Marcy L. Kahn, Justices.


M-2181 

[*1]In the Matter of Robert Anthony Evans, Jr., an attorney and counselor-at-law: Departmental Disciplinary Committee for the First Judicial Department, Petitioner, Robert Anthony Evans, Jr., Respondent.



Disciplinary proceedings instituted by the Departmental Disciplinary Committee for the First Judicial Department. Respondent, Robert Anthony Evans, Jr., was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 10, 2004.



Jorge Dopico, Chief Counsel, Departmental
Disciplinary Committee, New York
(Kevin M. Doyle, of counsel), for petitioner.
Howard Benjamin, for respondent.



PER CURIAM


Respondent Robert Anthony Evans, Jr. was admitted to the practice of law in the State of New York by the First Judicial Department on May 10, 2004. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
The Departmental Disciplinary Committee (Committee) as of April 27, 2016 moves for an order, pursuant to the Rules of the Appellate Division, First Department (22 NYCRR) § 603.4(e)(1)(i), immediately suspending respondent from the practice of law until further order of this Court, based on his failure to cooperate with the Committee's sua sponte investigation into a [*2]dishonored check drawn against his IOLA account.
The Committee began its investigation into respondent's conduct in September of 2013 when the Lawyers' Fund for Client Protection informed the Committee that in August 2013, a check for $41,162.50 drawn against respondent's IOLA account was not honored as a result of insufficient funds. Respondent's bank records demonstrated that while the down payment of $225,000 in connection with the sale of an apartment by his clients was deposited into his IOLA account on April 25, 2013, the balance in respondent's account fell numerous times between June 19, 2013 and July 31, 2013, the date of his clients' closing. During that period, there were a number of transfers totaling approximately $22,500 from respondent's IOLA account to another of respondent's checking accounts, as well as cash withdrawals of approximately $7,000. Between April and September 2014, the Committee made four attempts to obtain information from respondent, including a request for the completion of an Excel spreadsheet documenting respondent's IOLA account statements, all of which were unsuccessful. In January 2016, the Committee again contacted respondent and his attorney requesting the completion of a revised spreadsheet, warning that a failure to cooperate could result in an interim suspension. Respondent never completed the requested spreadsheet.
In addition, the Committee sought to take respondent's testimony under oath on three separate occasions, but he failed to appear on each noticed date. Ultimately, the Committee obtained respondent's testimony pursuant to a judicial subpoena.
Further, in January 2016, one of respondent's other clients filed a new disciplinary complaint against him regarding his alleged failure to return $139,000 in escrow funds, despite multiple requests by the client. The Committee sent a letter to respondent on February 9, 2016, requesting he submit a written answer to his client's complaint within 20 days. Respondent has failed to submit any answer.
Respondent submitted his own affidavit, sworn May 26, 2016, opposing the Committee's motion. He claims that none of his clients lost escrow funds that he held for them. Additionally, he responds that his lack of cooperation with the Committee in meeting their requests was not willful, but rather, the result of personal issues and professional constraints. Principally, he asserts that in 2012, he was dealing with the death of both his sister and his mother, and that he subsequently had to undergo treatment with a psychiatrist, who in a letter dated May 23, 2016, reported respondent's diagnosis of Attention Deficit Hyperactive Disorder (ADHD). Respondent claimed that he was also unable to provide adequate documentation because his office cotenant denied him access to their shared premises in June 2015 and he was not able to return until he obtained a court order in January 2016.
Pursuant to 22 NYCRR § 603.4(e)(1)(i), this Court may order the immediate suspension of an attorney from the practice of law upon a finding that the attorney is guilty of professional misconduct which immediately threatens the public interest. This finding may be based upon "the attorney's...failure...to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any investigation, hearing, or disciplinary proceeding."
In this case, there is ample evidence that the respondent has failed to cooperate with the Committee's requests. Respondent has not provided any explanation regarding his failure to complete the Excel spreadsheet and respondent has yet to provide any explanation of the shortfalls in his IOLA account after his receipt of the $225,000 deposit. Respondent's lack of cooperation is also evidenced by the fact that he failed to appear at three depositions, and his testimony was ultimately secured only by judicial subpoena. Additionally, respondent failed to answer the Committee's recent inquiry regarding his alleged conversion of $139,000 in escrowed client funds.
Notwithstanding respondent's protests, the evidence in this record weighs heavily in favor of interim suspension. The Committee has made numerous attempts since September 2013 to obtain information from respondent (long before he was locked out of his office), but he has repeatedly failed to comply. Respondent's noncompliance with Committee requests has [*3]threatened the public interest in the effectiveness of the attorney disciplinary system (See Matter of Reid, 137 AD3d 25 [1st Dept 2016] [interim suspension where attorney, who initially provided limited cooperation via bank records and appearing for a deposition, subsequently failed to answer two complaints and provide trust account information for the Committee's Excel spreadsheet]).
Additionally, this Court is unmoved by respondent's attempt at mitigation. His ADHD has not been shown to impair his abilities to comply with the Committee's requests, given the four trials he tried to verdict without assistance in 2014. Additionally, his claimed lack of access to his office is belied by his own admission that he has been granted access to his office by court order since January 2016.
Accordingly, the Committee's motion should be granted and respondent is suspended from the practice of law pursuant to 22 NYCRR § 603.4(e)(1)(i), effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.
All concur.
Order filed [July 14, 2016].
Sweeny, J.P., Acosta, Feinman, Kapnick, and Kahn, JJ.
Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court. Opinion Per Curiam. All concur.