[51 NYS3d 25]

In the Matter of CARLOS MORENO, an Attorney, Respondent. AT-
TORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DE-
PARTMENT, Petitioner.

First Department, March 9, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee*, New York City (*Remi E. Shea* of counsel), for petitioner.

*Carlos Moreno*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Carlos Moreno was admitted to the practice of law in the State of New York by the First Judicial Department on April 13, 1992. At all times relevant to this proceeding, he has maintained an office for the practice of law in the First Department.

The Departmental Disciplinary Committee (now the Attorney Grievance Committee) moves for an order under former 22 NYCRR 603.4 (e) (1) immediately suspending respondent from the practice of law, until further order of the Court, based on respondent's conduct of, among other things, failing to comply with a lawful demand of the Court and the Committee. Specifically, respondent has failed to comply, for over three years, with the Committee's demands to inspect his tax returns, including demands made by judicial subpoena.

The Committee began its investigation into respondent's conduct when it was informed in 2011 by the Lawyers' Fund for Client Protection that a check in the amount of $4,699.46 and an electronic payment in the amount of $240.75, both drawn against respondent's IOLA account, were dishonored due to insufficient funds. By letters dated January 12, 2011 and August 11, 2011, respondent informed the Committee that both of these disbursements were the result of his inadvertently using his IOLA account instead of his business account. Respondent provided the Committee with his IOLA account statements and canceled checks for November 2010 through March 2011. He also completed an Excel spreadsheet prepared by the Committee's investigative accountant, which summarized his account transactions during this period.

Respondent's account records raised further suspicions by the Committee that he had been using his IOLA account improperly. In a letter dated February 15, 2013, the Committee directed respondent to appear for a deposition during the second week of March 2013 and to bring copies of his tax returns. In a letter dated February 27, 2013, respondent stated that he could attend a deposition on March 8, 2013 and would

bring all "the relevant documents." Respondent's deposition was rescheduled to March 27, 2013. At the deposition, respondent, who appeared pro se, failed to provide his tax returns.

In a letter dated April 15, 2014, the Committee reminded respondent that he still had not provided items previously requested.[1] Respondent did not provide his tax returns in response to the Committee's letter. At a deposition held on September 8, 2014, respondent again appeared without his tax returns. The Committee reminded respondent that he needed to provide them. Respondent explained that he would be meeting with his accountant soon and would need one more week. Nonetheless, the tax returns were not provided.

On February 25, 2015, the Committee obtained a judicial subpoena signed by this Court, directing respondent to appear personally on March 11, 2015 and to bring copies of his individual and business, state and federal tax returns for 2010, 2011, 2012 and 2013. In a telephone conversation on March 4, 2015, respondent agreed to accept service of the subpoena by mail, which the Committee memorialized in a letter dated that same day. On March 11, 2015, respondent appeared before the Committee for a deposition pursuant to the subpoena. Respondent did not bring copies of his tax returns. He requested an adjournment of the deposition in order to retain counsel.

On May 5, 2015, the Committee sent respondent an email indicating that it had not received any communication from any attorney claiming to represent him. Moreover, the Committee still had not received the copies of respondent's tax returns demanded by judicial subpoena. Respondent was directed to inform the Committee by May 8, 2015 as to whether he would be retaining counsel. The Committee also reminded respondent that he was to provide copies of his tax returns and if he would not do so, to explain why.

On May 10, 2016, the Committee spoke by telephone with respondent and reminded him that he still had not complied with the Committee's requests for his tax returns. This conversation was memorialized in an email sent later that day to respondent. In the email, the Committee directed that respondent would have until May 18, 2016 to provide the copies of his tax returns for 2010, 2011, 2012 and 2013. The Committee's email explicitly warned respondent that failure to provide

---

1. By this time, the Committee was investigating five complaints against respondent.

all four of the returns *"[w]ill be considered a failure to cooper-ate with the Committee's investigation and may result in your suspension."* The email also referred respondent to the relevant disciplinary rule and case law dealing with attorney suspensions based on failure to cooperate with an investigation by the Committee.[2]

Respondent appeared again for a deposition, pursuant to a second judicial subpoena, on June 22, 2016. Respondent did not provide his tax returns. At the deposition, he stated that he was still in the process of retaining counsel. The deposition was adjourned to July 5, 2016.

The Committee sent respondent a letter on June 22, 2016, reiterating that respondent was required to provide copies of his tax returns for 2010, 2011, 2012 and 2013 on or before July 5, 2016. Moreover, the letter stated that respondent was required to provide the returns regardless of whether he ultimately retained counsel. Once again, the Committee's letter referred respondent to the relevant disciplinary rule and case law concerning an attorney's failure to cooperate with a Committee investigation.

On July 5, 2016, respondent appeared for a deposition. Respondent claimed to have verbally agreed to retain an attorney, which the Committee had confirmed by speaking with the attorney. The deposition was then adjourned to July 14, 2016. While still on the record, respondent admitted that he had not provided his tax returns. The Committee informed respondent that he would have to provide the returns by July 8, 2016 regardless of whether he ultimately retained the attorney. Respondent was admonished that if he did not provide the returns by July 8, 2016, the Committee would move for his suspension based on his failure to cooperate.

On July 14, 2016, respondent appeared for a deposition. He appeared pro se, having not retained the attorney discussed on July 5, 2016. At the deposition, respondent still had not provided his tax returns and acknowledged his failure to do so. He also acknowledged that he had previously been warned that failure to provide his returns would be considered a failure to cooperate and could lead to his suspension. As of the date of the Committee's motion, August 24, 2016, respondent has still not provided his tax returns.

Under Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), an attorney who is the subject of a Committee

---

**2.** Respondent replied to the Committee's email to confirm receipt.

investigation may be suspended from the practice of law on an interim basis upon a finding that the attorney has engaged in conduct immediately threatening the public interest. A basis for such a finding includes an attorney's failure to "comply with a lawful demand of the Court or a Committee in an investigation or proceeding" (22 NYCRR 1240.9 [a] [3]).

Here, the Committee contends that respondent's repeated failures to provide his tax returns after being warned of the consequences of doing so satisfies the requirements for an interim suspension under 22 NYCRR 1240.9 (a) (3). Respondent has opposed, arguing that by attending his depositions and providing some documentation to the Committee, albeit documents other than the tax returns at issue, he sufficiently cooperated. Respondent has also argued that he was unable to provide his tax returns because he was in the process of getting his financial documentation in order.[3]

We find respondent's arguments unavailing. Respondent's attendance at his depositions and his provision of some of the documentation requested by the Committee do not excuse his failure to cooperate, for over three years, with the Committee's demand for his tax returns (*see Matter of Reid*, 137 AD3d 25, 28 [1st Dept 2016] [interim suspension based on failure to cooperate granted where the respondent initially appeared for a deposition and provided his bank records but subsequently failed to answer two complaints and provide other information despite being provided numerous opportunities to do so]). Moreover, respondent's lengthy noncompliance leads us to reject his contention that his failure to produce the returns is the result of trying to get his financial documentation in order. We have rejected similarly unconvincing explanations in the past (*see Matter of Evans*, 142 AD3d 122, 125 [1st Dept 2016] [the respondent's claim that he could not cooperate with the Committee's investigation because he had been locked out of his office rejected where the Committee had requested information from the respondent long before he lost access to his office]). Respondent's failure to provide his tax returns must be viewed as willful considering that he has repeatedly failed to provide

---

3. Respondent deemed his opposition papers a "limited response" to the Committee's motion as he represented that he was in the process of obtaining counsel. In his opposition papers, respondent sought a 60-day extension of his time to respond in order to obtain counsel. The Acting Presiding Justice of this Court so-ordered a 45-day extension. Respondent never obtained counsel. His later request for a second extension was denied by another Justice of this Court.

them after being warned of the consequences of his actions (*see Matter of King*, 145 AD3d 75, 79 [1st Dept 2016] ["In light of the proper service of the subpoena and the repeated warnings that respondent's failure to comply would result in suspension, his failure to produce [the requested documentation] must be viewed as willful"]). Accordingly, we find that respondent's willful failure to cooperate with the Committee has "threatened the public interest in the effectiveness of the attorney disciplinary system" (*Evans*, 142 AD3d at 125).

In light of the ample evidence of respondent's failure to cooperate with the Committee's investigation, we find it unnecessary to address the Committee's other bases for interim suspension (*see Matter of Durove*, 135 AD3d 176, 180 [1st Dept 2015]).

Accordingly, the Committee's motion should be granted to the extent that it seeks respondent's suspension under 22 NYCRR 1240.9 (a) (3) and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.

SWEENY, JR., J.P., RENWICK, ANDRIAS, KAHN and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.