[55 NYS3d 659]

In the Matter of Evgeny A. Freidman, an Attorney, Respondent. Attorney Grievance Committee for the First Judicial Department, Petitioner.

First Department, July 13, 2017

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Krinsky, PLLC* (*Pery D. Krinsky* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Evgeny A. Freidman was admitted to the practice of law in the State of New York by the First Judicial Department on April 14, 1997. At all times relevant herein, respondent has maintained a business office within the First Department.

The Attorney Grievance Committee (Committee) seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (2) and (3), immediately suspending respondent from the practice of law until further order of this Court based on his failure to cooperate with the Committee's sua sponte investigations into dishonored checks drawn against his IOLA account and on admissions under oath that he committed professional misconduct.

Although respondent has now provided a list of the legal matters he is involved with and has explained why he is having difficulty obtaining his bank records for his previous IOLA account, he has failed to provide court records evidencing his appearances as attorney of record involving himself or his companies, failed to answer the two most recent dishonored check investigations commenced in late 2016, and has failed to provide verification that the pending contempt motion involving Citibank has indeed been withdrawn. In addition, respondent has still not turned over three months worth of bank records for his current IOLA account.

While respondent has detailed the many challenges he is currently facing both personally and professionally, his failure to cooperate with the Committee's investigation threatens the public interest and warrants an interim suspension (*see e.g. Matter of Evans*, 142 AD3d 122 [1st Dept 2016] [interim suspension warranted where attorney ultimately appeared for deposition but subsequently failed to, inter alia, produce requested IOLA account records]; *Matter of Reid*, 137 AD3d 25 [1st Dept 2016] [interim suspension warranted where attorney, who initially provided limited cooperation via bank records and appearing for a deposition, subsequently failed to answer two complaints and to provide requested trust account information]).

As for respondent's admissions of having maintained personal and business funds in his IOLA account and of not maintaining required bookkeeping records, such conduct does not "immediately threaten[ ] the public interest," but will most

likely result in formal charges and a sanction after a hearing (*see Matter of Reid*, 137 AD3d at 29).

Accordingly, the Committee's motion should be granted to the extent of suspending respondent from the practice of law pursuant to 22 NYCRR 1240.9 (a) (3), effective immediately, and until further order of this Court.

ACOSTA, P.J., SWEENY, MANZANET-DANIELS, MAZZARELLI and WEBBER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.