[58 NYS3d 372]

In the Matter of EDWARD M. CHAR (Admitted as EDWARD MARTIN CHAR), an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 18, 2017

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Edward M. Char,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Edward M. Char was admitted to the practice of law in the State of New York by the Second Judicial Department on May 7, 2003, under the name Edward Martin Char.[1] At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Attorney Grievance Committee seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3), immediately suspending respondent from the practice of law based upon his failure to cooperate with the Committee's investigation of three complaints, two filed by clients and one stemming from eight dishonored checks drawn against his law firm's IOLA account, which conduct immediately threatens the public interest.

In September 2016, the Committee received a complaint from respondent's client, A.M., alleging that she and her husband retained respondent in 2014 to represent them in a partition action, including an appeal to this Court, and respondent eventually ceased communicating with them. A.M.'s complaint further alleged it was only after they consulted with other counsel that they learned respondent had "abandoned" their case.

By letter dated September 23, 2016, the Committee requested respondent submit an answer to A.M.'s complaint within 20 days; respondent failed to do so. By an October 18, 2016 email, the Committee advised respondent to submit an answer to A.M.'s complaint within 10 days. He acknowledged receipt of the email the same day, but did not submit an answer.

By letter dated November 9, 2016, the Committee again asked respondent to submit an answer to A.M.'s complaint within 10 days, and advised him that failure to do so could result in his interim suspension. The Committee received the

---

1. Respondent, pro se, has not appeared in this proceeding.

certified mail return receipt signed by respondent's office assistant; however, respondent did not answer.

By letter dated December 6, 2016, sent by priority mail and email, the Committee requested respondent schedule his examination under oath. U.S. Postal Service (USPS) records indicate that the Committee's letter was delivered to respondent's office the following day, December 7, 2016; however, respondent did not contact the Committee.

On December 22, 2016, the Committee personally served respondent with a judicial subpoena directing him to, inter alia, appear for a deposition on January 12, 2017. The deposition was later adjourned to January 26, 2017, at respondent's request. When respondent appeared at the Committee on January 26, he requested an adjournment to retain counsel and promised to notify the Committee by February 8, 2017, whether he had retained counsel or would proceed pro se. Respondent did not contact the Committee, as promised.

The Committee advised respondent by email that his deposition had been rescheduled for February 22, 2017. Respondent responded by email that he had purportedly spoken with "a few" attorneys but had not yet "determin[ed] which to hire" and requested that his deposition be adjourned until the week of March 6, 2017. The Committee declined to do so and advised respondent that his deposition would remain scheduled for February 22, 2017, but that if he should retain counsel prior to that date he should have his attorney contact the Committee to reschedule the deposition.

Respondent appeared for his deposition on February 22, 2017, and advised the Committee that he would proceed pro se. Respondent claimed that he had previously submitted an answer to A.M.'s complaint; however, the Committee informed him that it had no record of having received it. Respondent promised to "resubmit" his answer within 10 days, but failed to do so. Respondent denied that he failed to communicate with his clients, and claimed that in or about December 2015/January 2016 A.M. told him that she and her husband did not want respondent to perfect the appeal because they were purportedly close to reaching a settlement with the adverse party, with whom they were supposedly in direct contact, notwithstanding that both parties were represented by counsel. Prior to A.M.'s alleged instruction not to perfect their appeal,

this Court directed that the appeal be perfected on or before November 9, 2015. The appeal, however, was not perfected.[2]

To date, respondent has not submitted an answer to A.M.'s complaint.

A second complaint was filed against respondent by another client, D.B., in November 2016. D.B.'s complaint alleged that she had retained respondent in 2014 to assist her in settling her late husband's estate and closing his law practice but that he had neglected the matter, repeatedly failed to communicate with her, misrepresented the status of various proceedings to her, and failed to return her documents and other property. Additionally, D.B.'s complaint alleged that respondent "absconded" with estate funds by completely depleting a bank account of $57,000, notwithstanding that the account required both the respondent's and client's signatures to release the funds.

By letter dated December 14, 2016, sent to respondent at his business and home addresses by priority mail and certified mail return receipt requested, the Committee asked that he submit an answer to D.B.'s complaint within 20 days. The Committee received back the return receipt for the certified mailing signed by his office assistant; USPS's records indicate that the priority mailing sent to his home address was "Delivered, In/At Mailbox" on December 17, 2016. Respondent did not answer.

At his February 22, 2017 deposition, respondent claimed, as he did with A.M.'s complaint, that he previously submitted his answer to D.B.'s complaint; however, the Committee informed him that it had no record of having received it. Respondent promised to provide his answer to D.B.'s complaint within 10 days but failed to do so. To date, respondent has not submitted an answer to the D.B. complaint.

Between November and December 2016, the Committee received three notices from the Lawyers' Fund for Client Protection that eight checks totaling $56,807.57 drawn against respondent's law firm's IOLA account were dishonored due to insufficient funds. The Committee sent three letters addressed to respondent's law firm, requesting an answer explaining why the checks at issue were dishonored and to produce certain IOLA account records which it is obligated to maintain pursuant to Rules of Professional Conduct (RPC) (22 NYCRR 1200.0)

---

2. The complaint states that A.M. and her husband were advised their appeal would be perfected, as evidence of which A.M. includes her notes from an August 2015 meeting with respondent.

rule 1.15 (d) (1). No answer or account records were received by the Committee.

By letter dated January 11, 2017, the Committee wrote specifically to respondent and requested that he submit an answer explaining the dishonored checks and produce the previously requested account records within 10 days. In addition, the Committee advised respondent that failure to do so could result in his interim suspension. USPS's records indicate that the letter was delivered to respondent's office on January 13, 2017. A similar letter was sent to respondent's law partner, Steven S. Herzberg, Esq., who is the subject of a separate interim suspension motion.

At his February 2017 deposition, respondent, who is the bookkeeper for his firm, claimed that he had previously submitted an answer explaining the dishonored checks, but the Committee informed him it had no record of having received it. The Committee also informed respondent that he and his law partner, as opposed to his law firm, were now designated as individual subjects of the dishonored check investigation. Respondent attributed the dishonored checks to a bookkeeping error where funds were inadvertently deposited into the wrong account, but he could not provide details. Respondent denied that he had misappropriated and/or converted client funds. The Committee requested respondent provide an answer regarding the dishonored checks within 10 days, but he did not do so. To date, respondent has not submitted an answer explaining the eight dishonored checks, nor has he submitted the requested account records.

22 NYCRR 1240.9 (a), under which the Committee moves, provides for an interim suspension:

> "upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: . . . (3) the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules."

We find that respondent has engaged in professional misconduct that immediately threatens the public interest, namely his willful failure to cooperate with the Committee's investigation by failing to answer the three complaints at issue and produce the requested IOLA account records, which he is obligated to maintain pursuant to RPC rule 1.15 (d) (1) (*see e.g.*

*Matter of Moreno*, 149 AD3d 65 [1st Dept 2017]; *Matter of King*, 145 AD3d 75 [1st Dept 2016]; *Matter of Evans*, 142 AD3d 122 [1st Dept 2016]; *Matter of Reid*, 137 AD3d 25 [1st Dept 2016]).

Accordingly, the motion should be granted pursuant to 22 NYCRR 1240.9 (a) (3), and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

FRIEDMAN, J.P., MAZZARELLI, MOSKOWITZ, GISCHE and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.