Matter of Meltzer (2020 NY Slip Op 05990)





Matter of Meltzer


2020 NY Slip Op 05990


Decided on October 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 22, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

David Friedman,J.P.,
Barbara R. Kapnick
Cynthia S. Kern
Lizbeth González
Martin Shulman, JJ.


Motion No. 2020-2703 Case No. 2020-3443 

[*1]In the Matter of Craig F. Meltzer, (Admitted as Craig Fred Meltzer), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Craig F. Meltzer, (OCA Atty. Reg No. 1639533) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on September 12, 1979.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Norma I. Melendez, of counsel), for petitioner.
Respondent, pro se.



Per Curiam 


Motion No. 2703 - September 14, 2020
In the Matter of Craig F. Meltzer, an Attorney
Per Curiam Respondent Craig F. Meltzer was admitted to the practice of law in the State of New York by the Second Judicial Department on September 12, 1979, under the name Craig Fred Meltzer. At all times relevant to this proceeding, respondent maintained a law office within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(2), (3), and (5), immediately suspending respondent from the practice of law based upon his admissions under oath that he commingled his wife's monies with client funds, failed to comply with the Committee's lawful demands for bookkeeping records and other documents, and uncontroverted evidence of professional misconduct, which immediately threatens the public interest. Respondent, pro se, has not submitted a response to this motion.
The Committee commenced an investigation after the Lawyers' Fund for Client Protection informed the Committee that between July 2018 and July 2019 six checks issued from respondent's escrow accounts were dishonored due to insufficient funds. Between September 2018 and September 2019, the Committee sent respondent eight letters requesting a written explanation as to why the checks at issue were dishonored and that he produce specified bookkeeping records. In October 2019, respondent produced the bank statements and canceled checks for his two escrow accounts but did not produce his account ledgers and other requested records.
On February 18, 2020, respondent appeared pro se before the Committee for an examination under oath at which the Committee directed him to produce the contracts of sale and closing statements for certain real estate transactions about which he was questioned and his ledgers for both of his escrow accounts. The Committee alleges that respondent converted and/or misappropriated escrow funds in at least three real estate matters which resulted in account shortfalls that he remedied via infusions of his wife's personal funds into his escrow accounts.
Respondent agreed to produce these items by March 3, 2020. The Committee subsequently extended respondent's time to respond on two occasions. Respondent again failed to comply with the Committee's requests.
On June 4, 2020, the Committee served respondent with a set of interrogatories, which included its prior document requests, and advised him that his responses and the documents were due by June 22, 2020. Respondent was granted an extension until June 29, 2020 but did not submit responses or the requested documents. To date, respondent remains in default.
Pursuant to 22 NYCRR 1240.9(a), an attorney may be suspended from the practice of law on an interim basis, during the pendency of an investigation or proceeding, upon a finding that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon the attorney's failure "to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules" (1240.9[a][3]).
We find that respondent has engaged in conduct immediately threatening the public interest, namely his failure, since 2018, to respond to the Committee's repeated demands to produce the ledgers for his two escrow accounts and the contracts and closing statements for the real estate transactions discussed at his deposition and reflected in his bank records, and to respond to the Committee's interrogatories. Despite respondent's partial compliance with the Committee's requests, such conduct demonstrates a willful noncompliance with a Committee investigation and warrants his immediate suspension (Matter of Miller, 170 AD3d 1 [1st Dept 2018]; Matter of Moreno, 149 AD3d 65 [1st Dept 2017]; Matter of Evans, 142 AD3d 122 [1st Dept 2016]; Matter of Reid, 137 AD3d 25 [1st Dept 2016]).
Accordingly, the Committee's motion should be granted and respondent is immediately suspended from the practice of law in the State of New York and until further order of this Court.
All concur.
It is ordered that the motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a) (3), effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and
It is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Respondent is directed to fully comply with the provisions of the Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which is made a part hereof, and
It is further Ordered that, within 20 days of the date of service of this decision, respondent may submit a request, in writing, to this Court for a post suspension hearing (see 22 NYCRR 1240.9[c]). 
Entered: [October 22, 2020]