[4 NYS3d 24]

In the Matter of Luigi Rosabianca, an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, March 12, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner.

*Luigi Rosabianca*, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Luigi Rosabianca was admitted to the practice of law in the State of New York by the Second Judicial Department on December 13, 2000. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order under 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of this Court based on respondent's failure to cooperate with the Committee's investigation of four complaints, and upon evidence that he misappropriated client funds.

In October 2011, the Committee received a complaint from one of respondent's clients. According to the complaint, respondent had represented the client in the purchase of a condominium apartment but had failed, despite repeated requests, to provide the client with an accounting of the escrow funds respondent was to have disbursed in connection with the May 2011 purchase. The client further alleged that funds to which he was entitled remained in escrow. In December 2011, respondent answered the complaint, and in January 2012, respondent remitted $8,349.55 to the client—an amount that respondent claimed represented a full refund of his legal fee. Thereafter, the client informed the Committee that he wished to withdraw his complaint as all the issues regarding the accounting had been cleared to his satisfaction. Nonetheless, the Committee continued its investigation. Based on its audit of respondent's IOLA account records for the period January 2011 through January 2012, the Committee contends that respondent intentionally converted or misappropriated the client's funds on multiple occasions. In addition, the IOLA accounts showed a number of other irregularities.

The Committee further alleges that respondent has failed to cooperate with its investigation of this client's matter. In support of that allegation, the Committee notes that in January 2013, it sent respondent a letter requesting that he supply information regarding IOLA account transactions for the period at issue. Specifically, the Committee requested that respondent insert the names of check payees and identify client matters where that information was missing; when it did not receive

the information, the Committee reiterated its request in June 2013. To date, respondent has not provided this information.

In November 2011, the Lawyers' Fund for Client Protection (the Fund) notified the Committee that a check for $25,000 drawn against respondent's IOLA account had been dishonored due to insufficient funds. The Committee opened a sua sponte complaint and requested that respondent submit a written explanation as to why the check had been dishonored. The Committee also requested that respondent produce specified escrow account records for the six-month period immediately preceding the check at issue (May to October 2011), which he was required to maintain under Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (d) (1). However, respondent failed to comply with the Committee's request.

In February 2013, an officer with Emigrant Mortgage Company (EMC) filed a complaint with the Committee alleging that in May 2008, respondent obtained a mortgage loan from EMC in the amount of $1.76 million to refinance a prior mortgage. The loan was collateralized by two units of real property, one owned by respondent and the other owned by his parents. Respondent acted as his own attorney, as counsel for his parents, and as title closer and agent. As title closer and agent, respondent was responsible for recording both of EMC's mortgages for which service he received a portion of the loan funds. EMC alleged that respondent failed to record both mortgages and obtained a $500,000 mortgage against the properties from another lender; as a result, EMC stated, it was forced into the position of a subordinate mortgagee.

Between March and June 2013, the Committee repeatedly requested that respondent submit a written answer to EMC's complaint, but he failed to do so. On October 15, 2013, respondent appeared for a deposition, and during that proceeding, agreed to promptly provide the Committee with a written answer to EMC's complaint. However, he again failed to do so.

In March 2014, another of respondent's clients filed a complaint with the Committee alleging that in September 2013, he had retained respondent to represent him in the sale of his apartment and that after the closing, respondent failed to promptly remit the sale proceeds to him. The client further alleged that respondent failed to provide him with a full accounting as to the manner in which the funds respondent held in escrow were disbursed. The Committee requested that respondent submit a written answer to the client's complaint, but respondent failed to do so.

On May 15, 2014, respondent, pro se, appeared for a continuation of his deposition, acknowledging that he had not provided the Committee with the material he promised to produce at his prior deposition. Respondent explained that he had been under the belief that he was not obliged to produce the material until he received a copy of the transcript of his October 15, 2013 deposition, which he claimed the Committee had forwarded to him by email only on May 6, 2014. Respondent acknowledged, however, that a letter from the Committee dated December 13, 2013, which referenced the transcript as an enclosure and which he claimed not to have received, was correctly addressed to his office. In addition, respondent claimed that he had been too busy to answer the March 2014 complaint. Respondent agreed to provide answers to outstanding complaints, as well as the requested IOLA account information and records that the Committee sought, by specified deadlines regardless of when he received the transcript of his May 15, 2014 deposition.

Nonetheless, respondent did not comply with the agreed upon deadlines and, to date, has not submitted answers to the outstanding complaints. Nor has he produced the IOLA account information and records sought by the Committee in connection with its prior investigations. Moreover, respondent was served with the Committee's current interim suspension motion, but he has not submitted a response.

The record sufficiently establishes that respondent has willfully failed to fully cooperate with the Committee's investigation by failing to answer three complaints and failing to provide the Committee with requested IOLA account records and information (*Matter of Engram*, 75 AD3d 137 [1st Dept 2010]). Moreover, the IOLA records obtained by the Committee reveal that respondent has mishandled and misappropriated IOLA funds (*see e.g. Matter of Babalola*, 121 AD3d 181 [1st Dept 2014]; *Matter of Linder*, 112 AD3d 152 [1st Dept 2013]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as

disciplinary matters pending before the Committee have been concluded, and until further order of this Court.