Matter of Lessoff (2016 NY Slip Op 05549)





Matter of Lessoff


2016 NY Slip Op 05549


Decided on July 14, 2016


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2016
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter Tom, Justice Presiding,
Richard T. Andrias
David B. Saxe
Karla Moskowitz
Ellen Gesmer, Justices.


M-1176 

[*1]In the Matter of Jeffrey L. Lessoff (admitted as Jeffrey Lewis Lessoff, an attorney and counselor-at-law: Departmental Disciplinary Committee for the First Judicial Department, Petitioner, Jeffrey L. Lessoff, Respondent.



Disciplinary proceedings instituted by the Departmental Disciplinary Committee for the First Judicial Department. Respondent, Jeffrey L. Lessoff, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 28, 1984.



Jorge Dopico, Chief Counsel, Departmental
Disciplinary Committee, New York
(Norma I. Melendez, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Jeffrey L. Lessoff was admitted to the practice of law in the State of New York by the Second Judicial Department on March 28, 1984, under the name Jeffrey Lewis Lessoff. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4(e)(1)(i), (iii), and (iv)), [*2]immediately suspending respondent from the practice of law, until further order of this Court, based on his failure to cooperate with the Committee's investigation of three complaints, uncontested evidence that he misappropriated client funds, and clear and convincing evidence that he has willfully failed or refused to pay monies owed to a client. Respondent, pro se, has not appeared in this proceeding.
On or about October 30, 2015, a client filed a complaint with the Committee alleging that respondent had failed to remit her share of a personal injury settlement. In 2004, the client retained respondent to prosecute a personal injury action against, among others, the City of New York and the NYC Department of Education. According to documents submitted with the complaint, the action was settled in or about June 2012 for $270,000 and, in March 2013, the City issued two settlement checks; one for $3,947.23 in payment of a Medicare lien, and another for $266,052.77 made jointly payable to the client and respondent.
In October 2015, the client contacted the NYC Comptroller's Office and learned that her settlement checks had been issued in March 2013. She alleges that respondent never informed her that the settlement checks had been issued, she and her husband were falsely told that the City had not yet disbursed the settlement funds, and respondent has failed to remit her net share of the settlement.
Between October and November 2015, the Committee sent respondent two written requests for an answer to the complaint. In response to the Committee's second written request, respondent asked that he be given until November 20, 2015 to answer the complaint because of medical issues and the need to review his financial records; the Committee agreed. On or about November 25, 2015, the Committee received an undated, typewritten letter from respondent in which he stated that he was resigning from the New York Bar, effective November 23, 2015, due to ill health, and that he was "physically and medically unable to oppose this complaint," but he denied "any wrongdoing or unethical conduct."
In response, by letter dated December 2, 2015, the Committee advised respondent that he could only resign if he submitted an affidavit in conformance with 22 NYCRR 603.11 which then must be accepted by this Court, and until such time the Committee would continue its investigation. The Committee never received an affidavit of resignation, nor any further communication, from respondent.
The Committee proceeded with its investigation and reviewed respondent's IOLA and business account records which it had received directly from his bank pursuant to a judicial subpoena. The Committee's investigative accountant reviewed these records which showed that respondent had misappropriated the client's settlement funds. Specifically, on March 6, 2013 respondent deposited the $266,052.77 settlement check into his IOLA account. Thereafter, between March 8 and December 31, 2013, respondent repeatedly invaded the settlement funds by, inter alia, transferring approximately $173,829 from his IOLA account to his business account and making 38 cash withdrawals totaling approximately $23,060 from his IOLA account.
As of December 31, 2013, respondent's IOLA account balance had fallen to $11,834.46. Further, as of February 1, 2015, respondent's business account, into which he had transferred a large portion of the settlement funds, had a zero balance.
On or about October 22, 2015, the Committee received a new complaint against respondent from another client alleging that, in or about December 2014, respondent settled a personal injury action on her behalf for $5,000 but, despite her repeated requests, he has failed to remit her net share of the settlement proceeds which he had received in February 2015. On November 5 and December 15, 2015, the Committee wrote respondent seeking an answer to this complaint but received no response. The Committee's second request advised respondent that his failure to answer the complaint could result in his suspension for failure to cooperate with the Committee's investigation. To date, respondent has not answered this complaint.
Then, on or about November 30, 2015, another client filed a complaint with the Committee alleging that, inter alia, respondent had settled his action against the New York City [*3]Police Department for $75,000 but he failed to disclose to him that a settlement check had been issued in August 2015, which he learned of when he contacted the New York City Comptroller's Office for information regarding his case. Thereafter, the client confronted respondent who allegedly denied that he had received the settlement check. By letter dated December 24, 2015, the Committee sent a copy of the complaint to respondent at his registered address and requested that he submit a written answer. Respondent did not answer the complaint.
Finally, on or about December 23, 2015, a client filed a complaint with the Committee alleging that respondent failed to account for and properly disburse settlement funds which belonged to him. In August 2012, respondent settled a lawsuit against the client's former employer for $175,000. Respondent also represented this client in a fee arbitration with his former law firm. The firm obtained an arbitration award of $71,895 against the client. The client alleges that respondent advised him not to pay the award because he was going to sue the firm. However, after the firm levied against the client's bank account, the client instructed respondent to pay the award out of the $175,000 settlement, which respondent was supposed to hold in escrow. Respondent failed to respond to his requests that he verify that the $175,000 he was holding in escrow remained intact and that he had commenced suit against the firm. After repeated, unsuccessful attempts to contact respondent and get his money back, the client filed complaints with the Committee and the New York County District Attorney's Office.
On or about December 18, 2015, respondent was indicted in New York County for grand larceny in the second degree in connection with his failure to remit two of his client's settlement funds, and grand larceny in the third degree for allegedly stealing property from another individual.
On December 22, 2015, respondent was arrested in Miami, Florida; he waived extradition proceedings and was transported back to New York where, on January 6, 2016, he was arraigned on the indictment. Respondent entered a plea of not guilty and the court set bail at $500,000 cash or a $250,000 bond. Respondent has not posted bail and remains incarcerated awaiting trial.
In December 2015, the Committee received three additional complaints against respondent containing similar allegations to those discussed above. These complaints have been sent to respondent's criminal attorney on respondent's behalf for answers.
Immediate suspension on an interim basis is appropriate where the public interest is threatened because an attorney has demonstrated a willful noncompliance with a Committee investigation (22 NYCRR 603.4[e][1][i]; Matter of Yoo Rok Jung, 132 AD3d 236 [1st Dept 2015]; Matter of Engram, 75 AD3d 137 [1st Dept 2010]). Here, respondent willfully failed to cooperate with the Committee's investigation by failing to answer the first client's complaint and, thus, an interim suspension pursuant to 22 NYCRR 603.4(e)(1)(i) is warranted. However, while the Committee argues that respondent's default in answering the complaints received in October and November 2015 also constitutes a failure to cooperate, given that respondent's arrest and incarceration occurred at approximately the same time the Committee sought answers to those complaints, we find his failure to answer them should not be included as a basis for an interim suspension under 603.4(e)(1)(i).
The record also sufficiently establishes that respondent mishandled his IOLA account by converting and/or misappropriating client funds, warranting his suspension under 603.4(e)(1)(iii), (see e.g. Matter of Rosabianca, 127 AD3d 142 [1st Dept 2015]; Matter of Babalola, 121 AD3d 181 [1st Dept 2014]; Matter of Linder, 112 AD3d 152 [1st Dept 2013]).
The Committee also seeks respondent's interim suspension pursuant 22 NYCRR 603.4(e)(1)(iv), arguing that there is "clear and convincing evidence" that respondent has willfully failed to pay monies owed to a client based on its investigation of the first complaint discussed herein. Rule 603.4(e)(1)(iv) allows for an interim suspension when there is a finding of "the attorney's willful failure or refusal to pay money owed to a client, which debt is demonstrated by an admission, a judgment, or other clear and convincing evidence."
The Committee usually seeks a suspension under this Rule when a client possesses a judgment against the respondent or the respondent has admitted to a debt owed, both [*4]circumstances which do not exist herein (see e.g. Matter of Bloodsaw, 87 AD3d 190 [1st Dept 2011] [interim suspension based, in part, on the respondent's written admission of a debt owed to a client which later became the basis for an arbitration award which the respondent failed to satisfy]; Matter of Holubar, 73 AD3d 214 [1st Dept 2010][interim suspension based upon, inter alia, the respondent's refusal to pay former client's money judgment against him]). Accordingly, we find that the record at this point in time does not sufficiently establish by "clear and convincing evidence" that respondent has willfully failed to pay monies owed to a client where respondent, who is incarcerated, has not formally answered the complaint, has not been deposed, and has not responded to this interim suspension motion.
In a letter to the Committee dated May 5, 2016, respondent's former counsel, Stuart R. Shaw, Esq., states, in pertinent part that there is a serious concern that client funds and files are at imminent risk. Although the Committee has not requested the appointment of a receiver, it does request "such other and further relief as this Court may deem just and proper." Thus, given the evidence of misappropriation and imminent risk to client funds and files, we find it appropriate to, sua sponte, appoint a receiver (see Matter of Israel, 230 AD2d 293 [1st Dept 1997]; Matter of Brill, 131 AD2d 3 [1st Dept 1987]; Matter of Spiegelman, 116 AD2d 346 [1st Dept 1986]; Matter of Staller, 104 AD2d 116 [1st Dept 1984]).
Accordingly, the Committee's motion should be granted to the extent of suspending respondent from the practice of law, pursuant to 22 NYCRR 603.4(e)(1)(i) and (iii), effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court, and in accordance with section 603.13(g) of the Rules of this Court, a receiver is appointed and authorized to inventory the files of respondent and his firm and take such action as necessary to protect the interests of clients.
All concur.
Order filed.
[July 14, 2016]
Tom, J.P., Andrias, Saxe, Moskowitz, and Gesmer, JJ.

Respondent suspended from the practice of law in the State of New York, 
effective the date hereof, until such time as disciplinary matters pending 
before the Committee have been concluded, and until further order of this Court. 
Opinion Per Curiam. All concur.