[41 NYS3d 487]

In the Matter of BRIAN KING, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 3, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Eiseman Law, P.C.* (*Edward G. Eiseman* of counsel) and *KFirm LLP* (*Mark J. Hanna, Curtis L. Murungi* and *Michael R. Nemshick* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Brian King was admitted to the practice of law in the State of New York by the Second Judicial Department on May 25, 2011. At all times relevant to this proceeding, he has maintained an office for the practice of law in the First Department.

The Departmental Disciplinary Committee (the Committee) moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i), immediately suspending respondent from the practice of law until further order of the Court, based on respondent's failure to comply with a lawful demand of the Committee made in connection with an investigation. Specifically, the Committee served respondent with a judicial subpoena duces tecum on May 12, 2016 seeking copies of records pertaining to a bank account and his bookkeeping. Respondent never complied with the subpoena.

The Committee began its investigation into respondent when it received notice of three separate acts of contempt and/or contumacious courtroom behavior allegedly committed by respondent. The first investigation was opened following denial to respondent of pro hac vice admission by the Honorable Judge Brian Cogan of the United States District Court for the Eastern District of New York. In his decision denying respondent pro hac vice admission, Judge Cogan made specific mention of respondent's defiance and lack of respect for the court. The second investigation was opened upon respondent being held in contempt of court during trial before the Honorable David A. Morris of Suffolk County Court. The third investigation was opened upon receipt by the Committee of a CD of proceedings

in which respondent appeared before the Honorable Michelle D. Schreiber of New York County Housing Court. The CDs revealed that, during the course of a four-day trial before Judge Schreiber, respondent refused to refer to the Judge by her title and engaged in other forms of defiance and blatant disrespect for the court.

On April 7, 2016 respondent appeared pro se[1] in response to a subpoena issued by the Committee seeking his appearance for an examination under oath to address the matters related to Judge Cogan's decision and Judge Morris's contempt order. The deposition was adjourned after two hours with the understanding that it would continue on a later date. Respondent requested that this new date be emailed to him. Immediately after the deposition, a staff attorney from the Committee sent an email to respondent informing him that the deposition would resume on April 12, 2016 at 10:00 a.m.

Respondent did not appear at the 10:00 a.m. deposition on April 12, 2016. At around 11:00 a.m. that day, the same staff attorney sent an email to respondent asking him to explain his default. Respondent sent an email to the staff attorney stating that he did not appear in part because he was dealing with an issue with Santander Bank. He attached to his email a letter he had received from Santander Bank, which stated that Santander Bank was terminating its account relationship with respondent's firm KFirm LLP, because respondent had continued to make cash withdrawals after Santander Bank advised him not to do so. The letter stated that respondent's conduct appeared to "run afoul" of rule 1.15 of the Rules of Professional Conduct (22 NYCRR 1200.0).

Respondent's deposition resumed on May 3, 2016. During the course of the deposition, the Committee inquired about the issues surrounding his Santander Bank account, based on respondent's attachment of the bank's letter to his prior email communication with the Committee. Ultimately, the Committee requested that respondent produce all records from the account dating back to 2011, as well as his bookkeeping records dating back to 2011. The Committee further requested that respondent produce documents with respect to the other matters under investigation. Respondent replied, on the record at the deposition, that the Committee should obtain any items it sought that were public record on its own and that it should

---

1. He has since obtained counsel.

serve him with a judicial subpoena for the bank records and bookkeeping records.

Although not required to do so, the Committee served respondent with a judicial subpoena on May 12, 2016, seeking his bookkeeping records and the records for the Santander Bank account. The subpoena was returnable on May 19, 2016. According to the affidavit of service, a Committee investigator effectuated service by going to respondent's office address at 40 Wall Street, 28th Floor where the investigator was told by "Zoe" that respondent was not in, but she would accept the hand delivery. The next day, on May 13, 2016, the investigator mailed a copy of the subpoena via first class mail and a second copy by certified mail, return receipt requested, to respondent at the same address. Respondent did not produce any of the records by May 19, 2016.

On May 31, 2016 the same staff attorney sent respondent an email informing him he was in default, giving him an extension until June 3, 2016, and warning that failure to comply exposed him to suspension. About an hour later, respondent sent an email in reply stating, inter alia, that he was never served, and he wanted to see the affidavit of service; and questioning the staff attorney's fitness to practice law in New York State. On June 1, 2016, the staff attorney sent an email including a pdf attachment of the affidavit of service and reiterating the extension of time to comply.[2] The staff attorney also reminded respondent that his failure to comply with a lawful demand by the Committee would expose him to suspension. Respondent did not provide the requested records by the extended June 3, 2016 date, nor has he provided them to the Committee since.

Pursuant to 22 NYCRR 603.4 (e) (1) (i), this Court may suspend an attorney who is the subject of a Committee investigation from the practice of law on an interim basis, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. A basis for such a finding includes an attorney's failure to "comply with any lawful demand of . . . the Departmental Disciplinary Committee made in connection with any investigation, hearing or disciplinary proceeding" (22 NYCRR 603.4 [e] [1] [i]). An attorney's willful failure to cooperate with a Committee investiga-

---

2. She erroneously stated that the extension was until Friday, June 5, 2016 instead of Friday, June 3, 2016. This is of no moment since respondent has still not produced the records.

tion, particularly when given an additional opportunity to do so, is a basis for an interim suspension under 22 NYCRR 603.4 (e) (1) (i) (*see Matter of Linder*, 112 AD3d 152 [1st Dept 2013]; *Matter of Mainiero*, 98 AD3d 255 [1st Dept 2012]).

Here, respondent was properly served a subpoena by the Committee in the course of an open investigation but refused to comply, even after being given an extension and being warned of the consequences of failing to do so. Although respondent has contended that he was improperly served, his argument is without merit. Rather, the record before us indicates that respondent was properly served under CPLR 2303 (a) and 308 (2). In light of the proper service of the subpoena and the repeated warnings that respondent's failure to comply would result in suspension, his failure to produce his bank account and bookkeeping records must be viewed as willful.

Accordingly, the Committee's motion is granted and respondent is suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i), effective immediately, and until further order of this Court.

MOSKOWITZ, J.P., FEINMAN, GISCHE, KAPNICK and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.