[49 NYS3d 131]

In the Matter of Mark A. Hidalgo (Admitted as Mark Anthony Hidalgo), an Attorney, Respondent. Attorney Grievance Committee for the First Judicial Department, Petitioner.

First Department, March 15, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Remi E. Shea* of counsel), for petitioner.

*Mark A. Hidalgo,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Mark A. Hidalgo was admitted to the practice of law in the State of New York by the Second Judicial Department on October 22, 2008, under the name Mark Anthony Hidalgo. Respondent last maintained a registered address within the First Judicial Department. According to the Office of Court Administration's records, respondent is delinquent in his attorney registration. He has not filed a registration statement nor paid the required fee for the 2016-2017 biennial period. Respondent, pro se, has not appeared in this proceeding.

The Attorney Grievance Committee seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3) and (5), immediately suspending respondent from the practice of law until further order of this Court, based upon his failure to cooperate with the Committee's investigation of two disciplinary complaints filed against him and uncontroverted evidence of professional misconduct.

By letter dated July 20, 2016, the Committee informed respondent that he was the subject of a sua sponte investigation based upon his failure to appear on two occasions before a justice of the Supreme Court, Bronx County, in a case in which he was counsel of record for the plaintiff. The letter, which requested an answer explaining respondent's failure to appear, was mailed to his last registered business address. Respondent did not submit an answer, and the Committee's letter was not returned. The Committee sent subsequent letters to respondent's last registered business and home addresses, but all of the letters were returned to the Committee by the U.S. Postal Service as undeliverable and marked "unable to forward." The Committee then attempted to contact respondent at his last registered telephone number, but received a recorded message that the number had been "changed or disconnected." To date, respondent has not answered the investigation.

In July 2016, the Committee also received a separate complaint from a client who alleged that his organization had retained respondent in October 2015 to represent it in the sale of real property. The client further alleged that after respon-

dent received the buyer's down payment of $22,500, he ceased communicating with the client, the real estate broker, and the buyer's attorney.

By letter dated September 22, 2016, the Committee requested respondent's written answer to the client's complaint. Copies of the letter were mailed to respondent's last registered business and home addresses, but all of them were returned by the U.S. Postal Service as undeliverable and marked "unable to forward." To date, respondent has not answered his client's complaint.

The Committee obtained respondent's IOLA account records from his bank for the period of December 2015 through April 2016. The records show that respondent deposited the $22,500 down payment into his account on December 10, 2015. Nonetheless, between December 11, 2015 and April 11, 2016, the IOLA account balance repeatedly fell below $22,500. Almost immediately after the deposit, respondent made numerous transfers to his business account and another trust account, and issued checks unrelated to the real estate transaction. The ending balance for respondent's IOLA account for December 2015 was $17,904.51, and, as of April 11, 2016, the account balance had fallen to $0.01.

In accordance with 22 NYCRR 1240.9, the Committee obtained permission and served respondent with the instant motion by substituted service, via first-class mail, priority mail, and certified mail, return receipt requested, to his last registered business and home addresses. However, he has not submitted any response.

This Court is empowered to order an interim suspension if it finds that "respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon . . . respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under [the] Rules . . . or . . . other uncontroverted evidence of professional misconduct" (22 NYCRR 1240.9 [a] [3], [5]).

The Committee has presented clear and uncontested evidence that respondent has engaged in conduct that immediately threatens the public interest, thus warranting his suspension. Respondent's IOLA bank records show that he converted and/or misappropriated the $22,500 down payment involving his client's real estate transaction. Moreover, respondent has failed to answer two disciplinary complaints, and has failed to register and provide his current contact information,

which has frustrated the Committee's investigation. Respondent's professional misconduct, failure to cooperate with the investigation, and failure to register are grounds for his interim suspension (*see e.g. Matter of Lessoff*, 142 AD3d 107 [1st Dept 2016]; *Matter of Rosabianca*, 127 AD3d 142 [1st Dept 2015]; *Matter of Banji*, 106 AD3d 73 [1st Dept 2013]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until such time as disciplinary matters before the Committee have been concluded, and until further order of this Court.

SWEENY, J.P., ACOSTA, MOSKOWITZ, KAPNICK and KAHN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.