[60 NYS3d 109]

In the Matter of STEVEN S. HERZBERG, an Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 18, 2017

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Kathy W. Parrino* of counsel), for petitioner.

*Steven S. Herzberg*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Steven S. Herzberg was admitted to the practice of law in the State of New York by the Second Judicial Department on July 23, 2003. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Attorney Grievance Committee (Committee) seeks an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (3), immediately suspending respondent from the practice of law until further order of this Court, based upon his failure to cooperate with the Committee's investigation of eight dishonored checks drawn against his firm's IOLA account, which constitutes professional misconduct immediately threatening the public interest.

The Committee commenced an investigation in late 2016, after receiving three notices from the Lawyers' Fund for Client Protection informing the Committee that eight checks drawn against respondent's firm's IOLA account, totaling $56,807.57, had been dishonored. The Committee forwarded the three notices to respondent's firm, and requested an answer and the relevant IOLA account records. Respondent failed to respond to the three notices.

On January 11, 2017, and again on February 23, 2017, the Committee mailed respondent two letters via priority mail, requesting that he submit an answer explaining the dishonored checks and produce the relevant IOLA account records within 10 days. The letters further warned respondent that failure to respond could result in his interim suspension. Although U.S. Postal Service tracking shows that the Committee's letters were delivered to respondent's firm's reception desk, respondent failed to respond to either letter.

Subsequently, the Committee served respondent with a subpoena directing him to appear for an examination under oath on March 29, 2017, and to produce the relevant bank account records. On March 21, 2017, respondent communicated with the Committee and requested an adjournment. The Committee informed respondent that an adjournment request would have to be submitted in writing, and that the requested documents were due on March 29, 2017. Respondent failed to submit a written request for an adjournment and did not ap-

pear on March 29, 2017. Respondent produced certain IOLA account records, but failed to produce the relevant records.

On March 29, 2017, the Committee sent respondent an email requesting that he produce the relevant IOLA account records. Although respondent is a signatory to the account in question, and issued checks from it, respondent replied by email that he lacked the key code to obtain access to the relevant bank records, but would attempt to obtain the key code from his partner. To date, respondent has failed to produce all of the requested records or to submit an answer explaining the dishonored checks.

On April 28, 2017, the Committee served respondent with a motion seeking respondent's suspension. The motion was personally delivered to respondent's partner in his office, and additionally sent, by first-class mail, to respondent at his law office. Respondent has failed to submit a response.

Respondent's failure to produce the requested records, submit an answer, or appear for an examination under oath constitutes professional misconduct immediately threatening the public interest, which warrants suspension pursuant to 22 NYCRR 1240.9 (a) (3) (*see Matter of Moreno*, 149 AD3d 65 [1st Dept 2017]; *Matter of King*, 145 AD3d 75 [1st Dept 2016]).

Accordingly, the motion should be granted pursuant to 22 NYCRR 1240.9 (a) (3), and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

FRIEDMAN, J.P., MAZZARELLI, MOSKOWITZ, GISCHE and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.