[62 NYS3d 363]

In the Matter of CLAUDE CASTRO, an Attorney, Respondent. AT-
TORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DE-
PARTMENT, Petitioner.

First Department, October 31, 2017

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Yvette A. Rosario* of counsel), for petitioner.

*Michael A. Gentile,* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Claude Castro was admitted to the practice of law in the State of New York by the Third Judicial Department on February 18, 1976. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Attorney Grievance Committee now moves for an order, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a) (1) and (5), immediately suspending respondent from the practice of law until further order of this Court based upon his failure to cooperate with the Committee's investigation of a complaint filed against him and uncontroverted evidence of professional misconduct. Respondent has been duly served with the motion, which he has opposed.

The complaint, filed in 2014, alleges that in 2010 the client gave respondent the sum of $93,040 to hold in escrow, representing withheld rent in a landlord-tenant dispute, and that respondent failed to return any portion of the funds despite repeated requests. In his answer, respondent alleged that between April and June 2010, he disbursed $34,890 of the funds to the landlord to pay rent, as directed by the court, and that he remitted the balance to the client in December 2014. In reply, the client questioned whether respondent held the escrow funds intact at all times, as well as respondent's proffered explanation that the delay in returning the balance was due to his inability to access his prior firm's escrow account.

After obtaining respondent's IOLA records from his bank for the period of February 2010 though February 2015, the Committee, by letter dated June 21, 2016, requested that respondent complete a spreadsheet, prepared by its investigative accountant, by identifying the client matter for each transaction. The Committee asked that respondent return the completed spreadsheet by July 8, 2016, together with his ledger for the IOLA account.

Between June 2016 and February 2017, respondent was granted eight extensions to submit the requested information.

In response to his final extension request, purportedly to allow his counsel to review his response, the Committee gave respondent until February 8, 2017, to produce the requested information. Respondent failed to comply.

On April 3, 2017, the Committee served respondent with a judicial subpoena directing him to appear for an examination under oath on April 20, and to produce his file. Respondent appeared that day and requested an adjournment. The Committee agreed and adjourned the deposition to May 18, 2017, confirming the adjournment in a letter dated April 25, 2017, in which the Committee again requested that respondent complete the spreadsheet and produce his ledger. By letter dated May 17, 2017, respondent requested that his deposition be adjourned because he had "arranged to retain counsel" and would not be available until between July 15 and July 30, 2017. The Committee agreed to an adjournment until June 19, and requested that respondent have his counsel contact the Committee. By letter dated June 16, 2017, respondent requested an adjournment until July 2017 to accomodate his intended counsel's schedule. By letter dated June 22, 2017, the Committee denied the request.

Respondent contends that these circumstances do not warrant his interim suspension because he consistently communicated with the Committee during an 11-month period, he is willing to testify, and his alleged failure to cooperate does not involve any default explicitly enumerated at 22 NYCRR 1240.9 (a) (1) and the Committee does not seek his interim suspension under 22 NYCRR 1240.9 (a) (3) based on his "failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding." Respondent further asserts that any missteps with respect to his IOLA account were neither venal nor fraudulent and his alleged misconduct does not rise to the level for which interim suspensions have been given in other cases, and that he has practiced law for 40 years without incident. However, the basis for the Committee's application is evident from the moving papers and respondent's arguments are unavailing on the record before us.

This Court is empowered to order an interim suspension if it finds that "respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon . . . respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under the[ ] Rules . . . or . . . other uncontroverted evidence of professional misconduct" (22 NYCRR 1240.9 [a] [3], [5]).

The Committee has presented clear and uncontested evidence that respondent has engaged in conduct that immediately threatens the public interest, warranting his suspension. Respondent's purported efforts at cooperation with the Committee's investigation are inadequate and have delayed the resolution of the complaint against him on its merits. The record establishes, inter alia, that for approximately one year, despite having been granted eight extensions to complete the Committee's spreadsheet and two adjournments for his deposition, respondent has failed to comply with the requests for the information related to his IOLA account and ledger, both of which he is obligated to maintain pursuant to rule 1.15 (d) (1) of the Rules of Professional Conduct (22 NYCRR 1200.0) (*see Matter of Moreno*, 149 AD3d 65 [1st Dept 2017]; *Matter of King*, 145 AD3d 75 [1st Dept 2016]).

Furthermore, the record sufficiently establishes that respondent converted and/or misappropriated client funds as evidenced by bank records which show that over a four-year period he repeatedly invaded the $58,150 he should have held intact for the client, which he fails to address in his opposition papers. The bank records show that the balance in the IOLA account fell to $43,335.42 on August 17, 2010, and continued to decrease thereafter, falling to $562.27 as of July 20, 2012 (*see Matter of Lessoff*, 142 AD3d 107 [1st Dept 2016]; *Matter of Rosabianca*, 127 AD3d 142 [1st Dept 2015]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

SWEENY, J.P., RICHTER, ANDRIAS, MOSKOWITZ and GESMER, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.