Matter of Hidalgo (2018 NY Slip Op 00041)





Matter of Hidalgo


2018 NY Slip Op 00041


Decided on January 2, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,Presiding Justice,
John W. Sweeny, Jr.
Karla Moskowitz 
Barbara R. Kapnick 
Marcy L. Kahn, Justices.


&em;

[*1]In the Matter of Mark A. Hidalgo (admitted as Mark Anthony Hidalgo), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner Mark A. Hidalgo, (OCA Atty. Reg. No. 4643235) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Mark A. Hidalgo, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on October 22, 2008.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Remi E. Shea, of counsel), for petitioner.
Respondent pro se.
Motion 4914 [October 31, 2017]
IN THE MATTER OF MARK A. HIDALGO, A SUSPENDED ATTORNEY



PER CURIAM


Respondent Mark A. Hidalgo was admitted to the practice of law in the State of New York by the Second Judicial Department on October 22, 2008, under the name Mark Anthony Hidalgo. Respondent last maintained a registered address within the First Judicial Department.
By order entered March 15, 2017, respondent was suspended from the practice of law [*2]pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3) and (5) based upon his failure to cooperate with the Attorney Grievance Committee's (Committee) investigation into two disciplinary complaints filed against him and uncontroverted evidence of professional misconduct which immediately threatened the public interest, namely, that he converted and/or misappropriated escrow funds (149 AD3d 58 [1st Dept 2017]).
The Committee seeks an order disbarring respondent on the ground that he was suspended under 22 NYCRR 1240(a)(3) and (5) and has "failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension" (22 NYCRR 1240.9[b]).
More than six months have elapsed since this Court's March 15, 2017 suspension order, and respondent has neither responded to, nor appeared for, further investigatory or disciplinary proceedings. In light of the above, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys in the State of New York (Matter of Kelly, __AD3d__, 2017 NY Slip Op 07698 [1st Dept 2017]; Matter of Shedrinsky, 152 AD3d 132 [1st Dept 2017]; Matter of Jones, 148 AD3d 113 [1st Dept 2017]; Matter of Odikpo, 147 AD3d 48 [1st Dept 2016]).
Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9(b) should be granted, and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Order filed [December 29, 2017]
Acosta, P.J., Sweeny, Moskowitz, Kapnick, Kahn, JJ.
Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.