Matter of Novofastovsky (2018 NY Slip Op 05965)





Matter of Novofastovsky


2018 NY Slip Op 05965


Decided on August 30, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 30, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter H. Moulton, Justices.


 M-1127

[*1]In the Matter of Ilya Novofastovsky, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Ilya Novofastovsky, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Ilya Novofastovsky, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on November 19, 2003.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Vitaly Lapinsky, of counsel), for petitioner.
Pery D. Krinsky, Esq. for respondent.



PER CURIAM


Respondent Ilya Novofastovsky was admitted to the practice of law in the State of New York by the Second Judicial Department on November 19, 2003. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Department.
In June 2016, the Attorney Grievance Committee (Committee) received a complaint from respondent's client CF alleging she had not received settlement funds due her nor had respondent communicated with her regarding the case. In December 2015, respondent settled CF's personal injury matter and received a check for $15,000. Respondent received a one-third contingency fee and on October 11, 2016, he gave CF a check for $8,678, representing her portion of the settlement (less $750 owed for a medical lien); thereafter, she withdrew her complaint against him. In November 2016, respondent's firm received a $3,000 check and paid CF $2,000 in connection with her settlement of her uninsured motorist bodily injury claim.
In March 2017, respondent submitted a letter to the Committee detailing his handling of CF's funds. As part of its investigation, the Committee sought to establish that respondent maintained CF's funds intact in his attorney escrow account from receipt thereof (December 2015) until disbursement of the funds (November 2016). While respondent has submitted his escrow account records, notwithstanding his promises to do so he has failed to produce ledgers requested by the Committee which are necessary to reconcile the escrow account and to establish the unbroken integrity of CF's funds while under respondent's control.
In May 2017, JM filed a complaint with the Committee claiming that respondent's office unjustifiably delayed in disbursing his full settlement despite issues with medical liens. Respondent answered the complaint, explaining the manner of the disbursement of funds. However, the Committee noticed an apparent discrepancy insofar as respondent appeared to have withheld an excess sum of $3,079.26, as compared to the lien amount owed, before eventually disbursing these funds to JM. In November 2017, the parties discussed the issue and notwithstanding counsel's promises to obtain an explanation from respondent, no response was forthcoming. The Committee has recently advised the Court that respondent has now filed outstanding responses to this complaint.
In August 2017, the Committee received a copy of a letter EA had sent to respondent which essentially constituted a notice to respondent of his termination as counsel, describing respondent's firm's purported mistreatment in terms of rudeness and failure to communicate on his case, and requesting the return of his file. As of the date of the motion, respondent had failed to provide an answer to this complaint, however, the Committee has recently advised this Court that respondent has finally answered this complaint.
In February 2017, the Committee also received a complaint from AG which raised allegations of neglect about respondent's firm in general in that it neglected her medical malpractice lawsuit against her doctor resulting in its unopposed dismissal on summary judgment. Although respondent received a copy of the complaint, as of the date of the motion, respondent had still not filed an answer as requested.
Beginning on or about October 31, 2017, respondent, through counsel's emails and telephone conversations with the Committee, expressly promised all outstanding responses would be forwarded imminently. By letter dated December 21, 2017, respondent's counsel confirmed to the Committee that by close of business that day, the following documents would be turned over: respondent's firm's IOLA account ledgers requested by the Committee in connection with the CF matter (which were apparently reconstructed by a CPA firm respondent had hired); an answer to the EA complaint; the supplemental response to the JM complaint (explaining the discrepancy/delay in disbursing funds held for a lien); and an answer to the AG complaint. Counsel noted that respondent had been advised "that his failure to submit the foregoing Answers, documents and other supplemental information as set forth above will result in the Grievance Committee moving for his immediate interim suspension."
Thereafter, by email dated January 25, 2018, respondent's counsel advised the Committee that respondent was "fully aware" and on notice that he had still not provided answers to two [*2]complaints nor the IOLA related information (ledgers) and that his failure to do so "will ... likely result in the Grievance Committee filing a Motion for Interim Suspension." Counsel further advised that respondent intended to submit all outstanding submissions on or before January 30, 2018.
The Committee now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3), immediately suspending respondent from the practice of law based upon his disregard of the Committee's lawful investigative demands contained in letters and emails, notwithstanding his repeated promises to comply. The Committee contends that notwithstanding being given ample opportunity to cooperate and being on notice of the consequences of his non-cooperation, respondent has demonstrated a willful disregard of the Committee's investigative requests which constitutes professional misconduct that immediately threatens the public interest, warranting his immediate suspension.
Notably, this motion was adjourned twice, pursuant to respondent's request, however, he has defaulted on the motion.
By letter dated June 5, 2018, the Committee informed the Court that respondent has now filed "the outstanding responses to the complaints of JM and EA ... He has, however, still failed to submit the required responses in the CF and AG matters. Respondent has also failed to file a response to the Committee's pending motion to suspend."
Pursuant to 22 NYCRR 1240.9(a)(3), a respondent may be suspended from practice on an interim basis during the pendency of an investigation upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon "the respondent's failure to comply with a lawful demand of the Court or a Committee in an investigation or proceeding under these Rules."
While respondent has now answered three out of the four complaints, he has still not submitted an answer to the AG complaint, nor has he produced his IOLA account ledger that the Committee asked for in connection with the CF complaint. Morever, notwithstanding being warned of the consequences of his noncompliance, he has continued not to comply and has defaulted on the instant motion to suspend. Therefore, the record establishes that respondent has failed to fully cooperate with the Committee's investigation, warranting his immediate suspension from the practice of law (Matter of Moreno, 149 AD3d 65 [1st Dept 2017]; Matter of King, 145 AD3d 75 [1st Dept 2016]; Matter of Reid, 137 AD3d 25 [1st Dept 2016]; Matter of Hawthorne, 126 AD3d 65 [1st Dept 2015]; Matter of Linder, 112 AD3d 152 [1st Dept 2013]).
Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, pursuant to 22 NYCRR 1240.9(a)(3), and until further order of this Court.
All concur.
Order filed. August 30, 2018
Ordered that the motion is granted and respondent is hereby suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court.