Matter of Shotkin (2019 NY Slip Op 00219)





Matter of Shotkin


2019 NY Slip Op 00219


Decided on January 10, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta, Presiding Justice, David Friedman, Barbara R. Kapnick, Troy K. Webber, Peter H. Moulton, Justices.


M-4305

[*1]In the Matter of I. Frederick Shotkin, (admitted as Isaiah Frederick Shotkin), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, I. Frederick Shotkin, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, I. Frederick Shotkin, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 29, 1951.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Jeremy S. Garber, of counsel), for petitioner.
Respondent pro se.



PER CURIAM.


Respondent I. Frederick Shotkin was admitted to the practice of law in the State of New York by the Second Judicial Department on March 29, 1951, under the name Isaiah Frederick Shotkin. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Attorney Grievance Committee (Committee) seeks an order pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law based upon his failure to comply with two judicial subpoenas requiring him to appear for a deposition and directing him to produce documents in connection with the Committee's investigation of two complaints.
In or about September 2017, a client of respondent's filed a complaint against him alleging that he failed to refund her $3,700 retainer after she discharged him as her counsel. By his December 12, 2017 answer, respondent denied the client's allegations and maintained that she was not entitled to any refund because the services rendered exceeded her $3,700 retainer.
In her reply, the client took issue with respondent's answer
and attached a letter she had received from an attorney offering to defend her in a lawsuit brought against her by respondent's law firm. In a February 23, 2018 letter, the Committee requested respondent produce all nonprivileged records in connection with the lawsuit referenced in the client's reply. Respondent sent a February 2018 letter that included a copy of a summons with notice (denominated as an "endorsed complaint") filed in October 2017 in Civil Court, Kings County. Respondent alleged that his firm "suffered by the actions and statements" of the client when she breached their contract, threatened his law firm, and "harassed [the firm's] business." Respondent sought damages in the amount of $17,000. In response to the Committee's request for additional documents, respondent represented to the Committee that the summons with notice was the only court filing, his receipt for the filing fee may have been misplaced, and he had no other documents to provide.
On March 12, 2018 (via email and certified mail), the Committee served respondent with a judicial subpoena requiring him to appear on April 6, 2018 for a deposition and directing him to produce "all files and records" pertaining to his representation of the client, the lawsuit he commenced against her, and the certificate of incorporation for his law firm, Shotkin, Zhang & Associates, P.C., along with a "list of all of its current and past officers and employees, including per diem attorneys, from the date of its incorporation to the present."
By March 28, 2018 letter, respondent requested that his deposition be adjourned to May 17, 2018 because of his advanced age (91-years-old), poor health, and need for additional time to collect the documents specified in the subpoena. The Committee agreed to this request and rescheduled respondent's deposition for the date he requested.
By May 3, 2018 letter, respondent requested that the Committee withdraw the subpoena pursuant to CPLR 2304 because he claimed to have already provided all his documents related to his representation of the client. Respondent further stated that the Committee's document request, insofar as it pertained to his lawsuit against the client, was "incomprehensible" and required clarification. In response to the subpoena's request for information about respondent's law firm, he enclosed only a copy of the certificate of incorporation, and maintained that only the named attorneys had worked on client matters; and "[i]n view of the foregoing" he would not appear on May 17, 2018 as directed.
The Committee declined to withdraw the subpoena and insisted that respondent appear for his deposition as directed. In a May 11, 2018 letter respondent reiterated his request for withdrawal of the subpoena, which the Committee denied, and he again advised the Committee that he would not appear for his deposition. Respondent did not appear on May 17, 2018 as directed. To date, respondent has not appeared for a deposition in connection with the September 2017 complaint.
In response to a 2016 complaint filed by a former client, the Committee commenced an investigation into whether respondent and other attorneys with whom he was associated brought frivolous and retaliatory lawsuits against clients and third parties who sought refund of legal fees or the return of monies, or who requested fee arbitration or filed disciplinary complaints, including the 2016 complaint by the former client. As a part of its investigation, the Committee questioned respondent's actions as plaintiff's counsel in a 2016 defamation action entitled Mertz, Bitelman & Associates Attorney at Law P.C. v Yuan Qian, John Doe and Jane Doe (Supreme Ct, NY County, Index No. 152761/2016) and, in April and May 2018, sought information and documents related thereto from respondent (which included tax forms and contracts/agreements for certain employees of the Mertz firm) by way of correspondence and judicial subpoena.
On May 15, 2018, the Committee served respondent with the aforementioned judicial subpoena requiring him to appear for a deposition on June 8, 2018 and directing him to produce all of his nonprivileged files for the Qian action, "including... all retainer agreements, pleadings, motions, correspondence, emails, faxes, invoice, checks or wire transfers for legal fees." By May 22 and June 5, 2018 letters, respondent accused the Committee of harassing him based on the Committee's pursuit of information that respondent claimed was irrelevant to the issues under investigation, he defended his role as plaintiff's counsel in the Qian action, he requested the subpoena be withdrawn, and, if not, he stated he did not intend to comply with it. The Committee declined to withdraw the subpoena and advised respondent that his deposition would go forward as scheduled.
Respondent did not appear on June 8, 2018 as directed. By June 11, 2018 letter the Committee advised respondent that he was in default but if his failure to appear was caused by confusion,[FN1] then he needed to immediately contact the Committee to reschedule his deposition otherwise his default would remain uncured. Respondent did not reschedule his deposition, and by June 15, 2018 letter the Committee again advised him that he was in default, with constituted grounds for interim suspension.
By a letter dated June 14, 2018 (but emailed on June 15, after the Committee emailed its June 15 letter of default), respondent denied that he was in default of the two subpoenas and maintained that he had provided the Committee with the required information via his prior correspondence. Additionally, respondent stated that the earliest he could appear for a deposition "might be" August 2018 because of events in his personal life, including caring for his wife, an injury he had sustained to his arm, family visiting over the summer, and because respondent had to arrange for his physician and assistants to accompany him to his deposition.
The Committee agreed to reschedule respondent's deposition for August 15, 2018 but declined to make the schedule contingent on the availability of his physician. Additionally, the Committee advised that if respondent continued to assert ill health as a bar to his appearing for a deposition, the Committee would consider moving for his suspension under 1240.14(b) (medical suspension) in addition to 1240.9(a)(1) (interim suspension for noncooperation).
By August 8, 2018 letter, respondent requested that his deposition be adjourned until at least October 17, 2018 because in July he was involved in a car accident, and his driver's license had been "temporarily withdrawn," his home had been damaged by flooding and repairs were in progress, and his wife's health prevented him from leaving her alone as he was without family or other support. By August 13, 2018 letter, the Committee declined to adjourn respondent's deposition and again advised him that his failure to appear would be grounds for his interim suspension.
In response, by handwritten letter of the same date (received by the Committee on August [*2]15, 2018), respondent claimed that he could not appear for his scheduled deposition because he could not afford the cost associated with traveling to the Committee's offices, his home had suffered additional water damage, and he had decided to put his and his wife's health first. Respondent did not appear on August 15, 2018 as directed, nor did he appear thereafter for a deposition.
The Committee argues that respondent's repeated failures to appear for a deposition and his failure to produce all of the documents sought by the Committee as directed by two subpoenas evidence his "willful non-compliance" with a disciplinary investigation and, therefore, his interim suspension is warranted.
In opposition respondent denies that he outright refused to appear for a deposition and argues that his interim suspension is unwarranted because he has practiced law for 67 years without incident; he has already given the Committee all the requested information in his possession and cannot create documents that he does not have; the Committee should have granted his last request for an adjournment because it resulted from health and life events beyond his control; he can't believe that in the absence of "exigent circumstances" the Committee would opt to pursue the "drastic sanction" of an interim suspension rather than granting a reasonable adjournment in light of his health and life
conditions; and, as evidenced by respondent's September 24, 2018 letter to the Committee, respondent indicated his willingness to appear for a deposition at a future date.
In reply, the Committee maintains that respondent's prior correspondence, failure to provide documents, and three missed appearances evidence his categorical refusal to appear for a deposition; respondent's claim that he has practiced law for 67 years without incident is inaccurate in that he has been the subject of prior complaints, as have two law firms in which he was a named principal; and respondent's claim that he is willing to appear for a deposition in the future is belied by his prior conduct, which includes inadequate excuses for his failures to appear (e.g., the prohibitive cost of cab fare from Grand Central to the Committee's offices in lower Manhattan).
Respondent's repeated failure to comply with the subpoenas directing him to appear for a deposition, despite being granted multiple adjournments by the Committee over a five month period, constitutes willful noncompliance with a Committee investigation warranting an immediate suspension (Matter of Morgado, 159 AD3d 50 [1st Dept 2018]; Matter of Castro, 155 AD3d 102 [1st Dept 2017]; Matter of Cumberbatch, 123 AD3d 152 [1st Dept 2014]; Matter of Kaplan, 49 AD3d 107 [1st Dept 2008]).
Accordingly, the Committee's motion should be granted, and respondent is suspended from the practice of law pursuant to 22 NYCRR 1240.9(a)(1) and (3), effective immediately, and until further order of this Court.
All Concur.
Order filed. [January 10, 2019]
The Committee's motion is granted and respondent is suspended from the practice of law in the State of New York pursuant to 22 NYCRR 1240.9(a)(1) and (3), effective immediately, and until further order of this Court.



Footnotes

Footnote 1:The Committee's previous letter of June 1, 2018 contained a typographical error advising respondent that the deposition date was June 28, however the enclosed judicial subpoena stated June 8.